THE CRAIG MEDICINE COMPANY, Respondent, *v.* THE MERCHANTS' BANK OF ROCHESTER, Appellant.

*Corporation — authority to sign the corporate name — estoppel — a trustee or director of a corporation cannot vote by proxy at a meeting of trustees or directors.*

Where a person has been permitted by the officers of a corporation to carry on its business, his acts must be deemed binding upon it in all cases where the parties dealing with him have not notice or knowledge of his want of actual authority.

No director or trustee of a corporation can vote at a meeting of a board of directors or trustees by proxy. It is a general rule, in regard to all corporations, that a *quorum* must be present to transact business, and unless a statute otherwise directs this consists of a majority of the whole board.

Right of a general manager or a director of a corporation to sign its corporate name upon negotiable paper, for its collection, in the absence of a legally authorized treasurer.

APPEAL by the defendant, the Merchants' Bank of Rochester, from a judgment of the Monroe County Court, entered in the clerk's office of said county on the 11th day of November, 1890, in favor of the plaintiff, after a trial before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $223.02; and also from an order denying defendant's motion for a new trial, entered in said clerk's office on the 11th day of November, 1890, as amended by an order entered in said office on the 24th day of November, 1890.

*W. W. Mumford*, for the appellant.

*John A. Barhite*, for the respondent.

MACOMBER, J. :

None of the facts of this case are seriously in dispute. The action was brought to recover the proceeds of two checks of $345.76 each, dated, respectively, March 21 and 22, 1890, sent by merchants from Portland, Maine, to Dr. Charles Craig, at Passaic, New Jersey, and by the postmaster there forwarded, at the request of Dr. Craig, to him at Rochester, N. Y. Dr. Craig, being ill at the time the inclosures were received by him at Rochester, directed Agnes J. Craig to indorse the checks in the name of the payee, the Craig

Medicine Company, and deposit them in the bank for collection, which was accordingly done, she writing thereon " The Craig Medicine Company, *per* A. J. Craig." Dr. Craig, to whom the collections were afterwards fully paid by the bank, turned over to the company only $475 thereof; and this action is brought to recover the balance. In the Municipal Court of the city of Rochester judgment was awarded to the plaintiff for the amount claimed, and upon appeal to the County Court the verdict of the jury was likewise in favor of the plaintiff, and from the judgment entered thereon, and from an order of the County Court refusing the defendant's motion for a new trial, this appeal has been taken.

The plaintiff alleges that the defendant wrongfully converted the checks to its own use at the time they were delivered to it by Miss Craig. There is, however, no evidence to show that the defendant did not act in perfect good faith in receiving this paper for collection, and in turning over the proceeds to the party who had directed the checks to be left at the bank. Miss Craig was a daughter of Dr. Craig, and was actually a director of the plaintiff. Dr. Craig had the general management of the business; was in the habit of collecting bills and paying debts, but he had not, so far as the case discloses the fact to be, any special authorization to sign the plaintiff's name upon commercial paper, even for the purpose of collection, he being neither an officer nor a director of the corporation.

The plaintiff's right of action is based upon the proposition that one George W. Hicks was the treasurer, as well as the President, of the plaintiff, and that no person but himself had the right or authority to sign the company's name. It is shown, however, that he did not remain at the principal office, which was at Passaic, New Jersey, but was rather the traveling man for the corporation, and, at or about the time of the giving of these checks, he was engaged as such traveling representative in New England.

The contention made by the appellant's counsel that the plaintiff is not a corporation, and, therefore, cannot maintain this action, is not tenable. The name, as it appeared as the payee in the checks and as indorsed thereon, indicated that it was a corporation. The defendant, in receiving and collecting the checks in that name, is estopped to deny the corporate character of the plaintiff in an action to recover the proceeds of the checks. Even though, under the laws

of New Jersey, there was some omission of a technical character in the organization of the plaintiff, that omission cannot be made available to the appellant in this transaction, inasmuch as under cover of that name it became possessed of these moneys.

The principal contention of fact upon the trial related to the authority of Dr. Craig or Miss Craig to sign the name of the corporation to these checks and to collect and receive money thereon. The corporation was named for Dr. Craig, and he was the only person known by the officers of the bank to be connected with its operations. If, therefore, the indorsements of the checks were made in pursuance of any implied authority given to Dr. Craig, this action cannot be maintained. The evidence of Dr. Craig was to the effect that Mr. Hicks knew that he was receiving and paying out moneys and that he made no objections thereto; that he received from Mr. Hicks moneys, realized from medicines sold, which were sent by express to him, and that such moneys were expended by him for the pay of help and otherwise; that he had bought at the defendant's bank drafts on New York to pay debts owing by the company; that all of this was done with the full knowledge of Mr. Hicks, who claims now to be the sole financial representative of the corporation. Beyond doubt, if Dr. Craig had exercised these functions with the consent of the managers or officers or directors of the corporation, the plaintiff would be estopped now to deny that in this particular instance he had such power or right. The County Court was accordingly asked by the defendant's counsel to charge the jury as follows: "I ask the court to charge the jury that if the jury shall find that, by the consent of the plaintiff, Dr. Craig had conducted the plaintiff's business, had paid bills, sold goods, received and paid out money for the plaintiff, and was, in fact, ostensibly in charge of the business, then, Dr. Craig had apparent authority to indorse the drafts in question and receive the money in question, and it is immaterial whether or not he had actual authority." The court declined so to charge and exception was taken thereto. This, we think, was such an error as to lead to a reversal of the judgment and a new trial.

Corporations can act only through their officers and agents; and if a person has been intrusted by the officers to carry on the business, the acts of that person must be deemed to be binding upon the

corporation in all cases where the parties dealing with him have not notice or knowledge of his want of actual authority.

But there is another reason more radical in its character why a new trial should be granted, and why this action cannot be maintained. As stated above, the plaintiff claims that the only person who had the right to use the plaintiff's name in financial matters was George W. Hicks, as he was the one designated, as is claimed, by the corporation, to fill the duties of that office. There were four persons who constituted this corporation, namely, George W. Hicks, Lizzie M. Hicks, Agnes J. Craig and C. C. Craig, Jr. The last three persons executed and acknowledged at Rochester, N. Y., and delivered to George W. Hicks the following proxy : " Whereas, George W. Hicks, Lizzie M. Hicks, Charles Craig, Jr., and Agnes Craig are to organize a corporation in the State of New Jersey, known as the Craig Medicine Company, of which corporation each of the above parties are to be stockholders; and, whereas, it is inconvenient for the said Charles Craig, Jr., Agnes Craig and Lizzie M. Hicks to attend the first meeting of stockholders for the election of officers; now, therefore, we, the said Charles Craig, Jr., Agnes Craig and Lizzie M. Hicks, each of us hereby authorize the said George W. Hicks, in our place and stead, to vote upon five hundred shares of the stock of said corporation owned by each of us, at the first meeting of the stockholders whenever it shall be held for the election of officers. Dated October 5th, 1889."

The learned county judge has construed this instrument so as to include the right of George W. Hicks not only to vote upon the stock of the persons signing it at the meeting of the stockholders, but so as also to permit him, after the election of the directors, to vote in the place and stead of these persons as directors at any meeting which should be held by them for the election of officers. The fact is shown to be that, at the stockholders' meeting, which is claimed to have been held November 1, 1889, at Passaic, New Jersey, there was present only one person, George W. Hicks. The minutes of that meeting show that Hicks was called to the chair, and that he thereupon called the meeting to order; that a motion was made and seconded that the election of directors take place, which was carried unanimously; that on motion of Agnes J. Craig, and seconded by Charles Craig, Jr. (all speaking by George W. Hicks), Mr. Hicks

was nominated and elected director unanimously; that on motion of the same person, both still speaking by Mr. Hicks, Agnes J. Craig was nominated and elected a director unanimously; upon the same nomination Charles Craig, Jr., was nominated and elected a director, and thereupon the meeting adjourned. There was present, as stated before, but one person, and that was George W. Hicks. On the same day the following proceedings were had, as disclosed by the minutes of this corporation, there still being present but one person, George W. Hicks:

"Present — The full board of directors. On motion of Charles Craig, Jr., G. W. Hicks was nominated for president and treasurer, seconded by Agnes J. Craig, and carried unanimously. George W. Hicks took the chair. On motion made by the chairman, George W. Wheaton, Jr., was nominated for the office of secretary; same was seconded and carried unanimously. On motion of Charles Craig, Jr., seconded by Agnes J. Craig, that the by-laws governing the company be read by the secretary. Carried. The by-laws having been read by the secretary, motion was made by Agnes J. Craig, and seconded by G. W. Hicks, that the same be adopted. Motion was put and carried unanimously.

"On motion made by chairman that the meeting adjourn, the same was seconded by Agnes J. Craig, and carried.

(Signed.)        "GEORGE W. WHEATON, JR.,

"*Secretary.*"

We know of no principle, applicable to the discharge of corporate functions, by which directors or trustees of the corporation can vote at the meeting of the board of directors or trustees by proxy. Under the act of this State (chap. 40, Laws of 1848) for the organization of companies for manufacturing, mining, mechanical or chemical purposes, stockholders may, at the meeting of the stockholders for the election of the directors, vote when absent by giving a written proxy to some other person. This is also true of the statutes of New Jersey, put in evidence, but there is no law in New Jersey that permits a director to vote by proxy at board meetings. The general rule there, as in this State, and universally, is, that it requires a quorum of directors or managers or trustees of a corporation to transact business; and that in the absence of a statute

making a different number such quorum, a majority of the whole board is required. The principal claim, therefore, made by the plaintiff, that it had a legally elected treasurer who alone could transact business of the corporation of this character, cannot be maintained. The proxy or power of attorney put in evidence did not give Mr. Hicks the right to vote in the name of the directors who should be chosen at the stockholders' meeting; and if it had it would have been utterly void. It was not known, indeed, who the directors would be. Under the power of attorney Hicks had the right to elect other persons than those whom he did, in fact, designate as directors.

In the absence, therefore, of a legally authorized treasurer, any person in the position of Dr. Craig, who had general management of the business, or any director, as Miss Craig is shown to be, had the power to indorse the corporation's name for the purpose of collecting commercial paper made payable to its order. The defendant having acted in perfect good faith, has turned its collections over to the proper person representing the corporation. There being no treasurer by election of the directors, and none, in fact, by the usual conduct of the business, except the person acting for the plaintiff in this instance, it follows that the manager or any director of the corporation could, in the absence of a positive statute, sign the corporation's name for the purposes of the collecting of commercial paper.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.