OTTO v. McCAFFREY et al.

(Supreme Court, Appellate Division, First Department.   March 24, 1899.)

CONTRACT FOR WORK—ACTION FOR PRICE.
   One who has contracted to do the artificial stonework on premises, the first payment to be made when the concreting of the cellars and yards was done, cannot recover, work on the yards not having been done, and no excuse being shown therefor; the defendant testifying that he made demand on plaintiff in March after the contract was made in August to begin the work on the yards, and the plaintiff merely testifying that there was no "fence in the yard," without showing how this would interfere with the work, and that in the spring he went to see if he could go ahead and finish the job.

Appeal from special term, New York county.
Action by Elise Otto against Catherine T. McCaffrey and others. From a judgment for plaintiff, said McCaffrey and other defendants appeal.   Reversed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Thomas O'Callaghan, Jr., for appellants.
Mortimer M. Menken, for respondent.

BARRETT, J.   The action is brought to foreclose a mechanic's lien against two lots of land on the south side of 131st street, between 5th and 6th avenues, in the city of New York, owned by the defendant Catherine T. McCaffrey.   On August 12, 1896, the plaintiff's agent

made a written offer to do the artificial stonework upon the premises for $300, including the concreting of the sidewalk, areas, yards, and cellars. This offer was accepted in writing by Mrs. McCaffrey's husband and agent; $150 of the amount to be paid when the cellars and yards were done, and the balance when the work was completed. The complaint alleges this contract, and that plaintiff performed all of the work except the laying of the stonework for the sidewalk and yards. It is alleged that plaintiff was not allowed to perform this work, and that its reasonable value was $50. It is also alleged that the plaintiff performed extra work of the value of $70, and judgment is demanded for $320. The decision awards the sum of $305.80.

The only evidence as to performance is contained in the testimony of Peter Otto, the plaintiff's husband and agent. From this it appears that he started work in September, 1896, and completed the cellars about the 1st of October; that he could not do the sidewalks, because the stoops and copings were not set; that he did nothing further until the following January, when, in response to demands from McCaffrey, he did the work on the bath rooms; and that he did not even attempt to do anything further until early spring. He testifies: "After the bath rooms were done, and the carpenter work in there, which took about two weeks, the work stopped again. In the spring it was good weather. I went up, and looked if the coping is set, and if I could not go ahead and finish this job. Sometimes I go there I see other men working there. It was about the end of March or first of April that I went there. I cannot tell any more the date." We think that, upon the undisputed facts, the judgment must be reversed. Under the contract nothing was due until both the cellars and yards were done. Admittedly, the work on the yards was never performed by the plaintiff. But it is contended that the failure to do this work was not her fault. The contract was made in August, 1896, and Otto made no effort to begin the work until the spring of the following year. There is nothing in the situation of the parties justifying such a delay. No excuse is alleged unless Otto's incidental statement that there was "no fence in the yard" be taken as such. In the absence of evidence tending to show that this necessarily retarded the work, no such assumption can be indulged in. It is true that no time of performance is specified in the contract, and it may be that the plaintiff cannot be deemed in default before a demand was made that she begin the work on the yards. Kemple v. Darrow, 7 N. Y. Super. Ct. 447. If so, however, we have the testimony of McCaffrey that he made such a demand in March, and that no attention whatever was paid to it. This testimony is absolutely uncontradicted and unimpeached, and must be accepted as true. Kelly v. Burroughs, 102 N. Y. 95, 6 N. E. 109; Denton v. Carroll (Sup.) 14 N. Y. Supp. 19. McCaffrey is in no way contradicted by Otto's testimony as to the vague interest which he took in the proceedings at some indefinite time in the spring.

Upon the facts as they now appear, the plaintiff did not show that she was entitled to recover under the contract. The judgment should, consequently, be reversed and a new trial ordered; costs to appellant to abide the event. All concur.