EDWIN T. ROBINSON, Respondent, v. THOMAS McMANUS, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

A constable's oral evidence of the service of the summons is admissible before a justice, as a basis for " proceedings to recover possession of land " (2 R. S., 514, § 32) ; and this is so, although he may have made a written return by affidavit.

In an action to recover damages for forcible entry upon premises to which the defendant proves that he had the legal title at the time of the entry, under a deed from one who had contracted to sell the premises to the

Robinson *v.* McManus.

plaintiff, made in pursuance of an assignment of the contract and interest in the land by the plaintiff to him (defendant), the plaintiff, to defeat the justification, may show that the assignment, though absolute in form, was, in fact made under a previous oral understanding, between the plaintiff and defendant that the latter should take the assignment of the contract and a deed under it, and hold for the benefit of the former upon the terms specified in the contract. Per PARKER, J.

Where a fact not in itself, or in view of attending circumstances, incredible or improbable, is positively and distinctly testified to by witnesses who are unimpeached and uncontradicted, it is error if the court submit it to decision of the jury.

THIS was an appeal by the defendant from a judgment entered upon the verdict of a jury in favor of the plaintiff. The facts are stated in the opinion of the court.

*M. Hale,* for the appellant.

*L. Tremain,* for the respondent.

Present — MILLER, P. J., POTTER and PARKER, JJ.

PARKER, J. This action was brought to recover damages for an alleged wrongful entry upon the premises of the plaintiff (being a dwelling-house and lot in Cohoes, Albany county), and the forcible removal of the plaintiff and his family, his furniture and other property, therefrom, by the defendant.

The defendant justified the entry, and the removal of the plaintiff, his family and property, from the premises, upon two grounds:

1st. A warrant of a justice of the peace, issued under the statute "of summary proceedings to recover possession of land." (2 R. S., 512–517.)

2d. That defendant was the absolute owner of the premises, and had the right of possession thereof.

As to the first ground, that is admitted to be a justification, if the proceedings were such as to give the justice jurisdiction to issue the warrant. But it is insisted that no such service

of the summons issued by the justice against the plaintiff, as gave jurisdiction to the justice to proceed, was shown before him on its return.

The sworn return of the constable, indorsed upon the summons when returned, was, that he, the constable, " did, on the 19th day of September, 1866, personally serve the within summons on Mrs. Robinson, the wife of the defendant, she being a person of mature age and residing on the said premises, by delivering to and leaving with her a true copy thereof, and at the same time showing the original.

The statute requires that the summons shall be served by delivering to the tenant to whom it shall be directed a true copy thereof, and at the same time showing him the original; or, if such tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place with some person of mature age residing on the premises. (2 R. S., 514, § 32.)   It is also provided, by section 33, that "if, at the time appointed in the said summons, no sufficient cause be shown to the contrary, and *due proof* of the service of such summons be made to such magistrate, he shall thereupon issue his warrant," &c.

It is manifest that the return upon the summons is not sufficient to authorize any proceedings under it, inasmuch as the service was not upon Robinson personally, but upon his wife, " a person of mature age, residing on the premises;" and it does not appear that Robinson was " absent from his last or usual place of residence."

The defendant, after introducing the summons and return indorsed thereon in evidence, offered to show that the constable was, upon the return of the summons by him to the justice, sworn and examined orally as to its service.   This was objected to by the plaintiff, " on the ground that a written affidavit of the service had been made and presented to the magistrate, attached to the summons; it is the only proof competent of the service.   Also, that the proof should be in the form of an affidavit."   The objection was overruled, and, under plaintiff's exception, the evidence was admitted.

Robinson v. McManus.

The constable testified that, upon returning the summons to the justice, he was sworn, and gave oral testimony as to its service, which was, that he went to the house and found no person there except Mrs. Robinson; that he inquired of her if Robinson was at home, and she said he was not, and that he then served the summons on her, and showed her the original. The same was sworn to by the justice and by the defendant. No evidence contradictory of this fact was given by the plaintiff.

The facts set forth in the affidavit and in the oral proof of service, taken together, make out a legal service; and, inasmuch as the statute does not require written proof of due service, I think the oral proof was admissible. But the question in regard to the sufficiency of this ground of defence is upon the fact, did the constable, upon the return of the summons, give the oral evidence of service which the three witnesses swore he did?

The defendant, at the close of the evidence, moved for a dismissal of the complaint, upon the ground that "the proceedings before the justice, the warrant issued by the justice, are a complete protection to the defendant in the action." This the court refused to do, but submitted the question to the jury, whether the constable did so swear as he and the other two witnesses testified he did; instructing them that, if he did, the justice had jurisdiction to issue the warrant, and *that* justified the defendant, and entitled him to their verdict. The defendant's counsel excepted to the refusal to dismiss the complaint, and to the submission of the question to the jury whether the constable did so swear before the justice.

Upon the second branch of the defence, it appeared that the premises were formerly owned by one Sanders Lansing, Jr. In June, 1864, Lansing entered into a written contract with plaintiff for the sale to him of the premises for the consideration of $1,350, to be paid, $300 down; $300 on the 1st of April, 1866; $300 on the first of April, 1868; and the remaining $450 on the 1st of April, 1870, with interest on all principal unpaid. Plaintiff had been in possession of the

premises for some time under a lease from Lansing, when this contract was entered into; and the contract provided for his continuing in possession until he should fail to perform his agreements therein contained. On the 12th of January, 1865, the plaintiff, by writing under seal, assigned to the defendant all his right and interest in the contract, and the lands therein mentioned; and on the 29th of March, 1865, the defendant paid to Lansing the residue of the purchase-money, and received from him a deed of the premises, and held the legal title at the time of the alleged wrongful entry.

The plaintiff, however, claimed to be the equitable owner of the premises. He claimed, and was allowed, under the objection and exception of the defendant, to testify that it was agreed between him and the defendant, before the time of the assignment by him to defendant of the Lansing contract, that the defendant should take the assignment for plaintiff's benefit, pay up Lansing, and take a deed; and that plaintiff should pay defendant as he was to pay Lansing; and also gave evidence to show that before the entry complained of he tendered to defendant all the money he had paid Lansing upon the giving of the deed, with interest thereon, and demanded a deed to himself, which defendant refused to give. Plaintiff also testified that after the contract to purchase was made, he made permanent improvements upon the premises to the value of $500 or $600.

The defendant denied the agreement, and testified that the purchase was originally made for him by the plaintiff, and that he advanced the $300 paid thereon at the time of the purchase by the plaintiff; also that he paid plaintiff for the improvements, which allegations plaintiff denied. Other evidence was given upon this ground of defence.

The defendant's counsel, at the close of the evidence, moved for a dismissal of the complaint, on the ground that the legal title having been shown to be in him, that is a complete defence to the action. Also, that conceding the facts to be as alleged by plaintiff, that defendant had taken the place of Lansing, even then, after the default in the payment, which was due in April,

1866, plaintiff was a mere licensee, and had no right of possession under which he can maintain this action. This application was also denied and defendant excepted.

In respect to the admissibility of the parol evidence to show plaintiff's equitable interest in the premises, I am inclined to think the court correctly admitted it. Here was an assignment of plaintiff's interest in the contract, and the land covered by it, absolute in its terms; and yet the question may properly arise between the parties, whether or not it was made upon a verbal understanding which would qualify the absolute terms of the assignment.

That it may be shown that a deed absolute on its face was by the parties intended only as a mortgage is well settled. (*Hodges* v. *The Tennessee, &c., Ins. Co.,* 4 Seld., 416, and cases there cited.) And since the Code, that this rule applies as well in actions at law as in equity, is distinctly held by the Court of Appeals in *Despard* v. *Walbridge* (15 N. Y. R., 374, 378).

If the plaintiff's testimony is true, the transaction between plaintiff and defendant was in effect but the loan by defendant to plaintiff of the amount necessary to pay up for the place, and the transfer of plaintiff's interest in the contract and premises, was to secure defendant for such loan. And under the rule above mentioned the parol evidence was competent to prove that such was the entire transaction; making defendant, as between himself and the plaintiff, but the mortgagee of the premises.*

The evidence was properly admitted, and the questions of fact under it were properly submitted to the jury.

If the assignment was a mortgage, the defendant's grounds for the dismissal of the complaint, taken under this branch of the defence, were not well taken.

The jury, in giving their verdict for the plaintiff, decided that the plaintiff's theory of this transaction was true; and although the defendant's counsel moved a new trial upon the minutes of the court, there is sufficient evidence to sustain

---

* See Carr *v.* Carr, *Ante,* 314.

the finding; and we cannot, upon this ground of defence, set aside the verdict.

In regard to the first ground of defence, however, I am unable to avoid the conclusion that the court committed an error in denying the defendant's motion to dismiss the complaint on the ground that the warrant was a complete protection to the defendant in the action.

The primary error was in declining to hold, under the whole evidence of service, written and oral, that the summons was legally served; and in submitting to the jury the question of fact whether the constable gave the oral evidence of the service of the summons, upon its return to the justice, that he and the other two witnesses testified he did.   These witnesses were not impeached, and they stood uncontradicted, upon this fact, by any testimony in the case.   There is no such incredibility in the fact that Brown, the constable, was sworn upon the return of the summons, and under oath made the statements which he and the other two witnesses swear he did, as to warrant the court in declining to hold the fact proved, and in denying the defendant the benefit of it.

There is not much ground for charging mistake as to the fact of Brown having been sworn orally; and, as to that, if false, the testimony must be corruptly false, which should not be assumed.   And as Robinson was in fact absent, the probability is that the constable, in making a verbal statement of the service, did mention it, as he swears he did.   I cannot see any such improbability of the truth of the testimony in question as to warrant the court or jury in pronouncing it false, and wholly disregarding it.

In *Lomer* v. *Meeker* (25 N. Y., 361), the court say: " The right and duty to nonsuit are correlative.   The right to nonsuit implies the duty, and error lies if the circuit judge refuses to nonsuit in a proper case.   This, I think, is now the well-settled rule in this State.   The judge, in this case, should, therefore, have nonsuited the plaintiff, or dismissed the complaint, which is equivalent to a nonsuit.   The argument is, that this could not properly be done, because there was a

Robinson *v.* McManus.

question of credibility raised in respect to the witness Boch, who proved the usury. But this objection is untenable. The witness was not impeached or contradicted. His testimony is positive and direct, and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. *The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by court or jury, arbitrarily or capriciously.* They are bound to believe, for judicial purposes, such testimony; and it would, in an instance like this, be the clear duty of the court to set aside a verdict of a jury founded on a disbelief of clear, uncontradicted, undisputed evidence."

The witnesses to the point now in question in this case are unimpeached and uncontradicted. Their testimony is positive and direct, and not incredible or improbable upon its face, or in view of the attending circumstances. It was the duty, I think, of the court and jury, to give credit to their testimony; and, if so, the duty of the court to grant the defendant's motion to dismiss the complaint.

For the error of the court in denying that motion, upon this branch of the defence, the judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

MILLER, P. J., concurred in the result of the foregoing opinion.

POTTER, J. I concur, on the ground of the justice submitting to the jury, as a fact, what the witnesses testified as to the evidence of the constable.

Judgment reversed.