## THE PEOPLE ex rel. EDWARD HUGHES v. MARGARET LAMB.

*Summary proceeding — sufficiency of affidavit to procure summons — Certificate of service by constable.*

An averment in an affidavit, made in summary proceedings instituted to remove a tenant, that the amount specified is due for the rent of the premises, in pursuance of the agreement by which the premises were "let," in connection with a statement that the defendant holds over and continues in possession of said premises, is substantially equivalent to the statement that the amount is due pursuant to the agreement under which the premises are "held," as required by the statute.

The certificate of the constable, showing a service of the summons upon the defendant personally, by showing the original and delivering a copy thereof to him, is "due proof" of the service thereof.

*Robinson* v. *McManus* (4 Lans., 380) distinguished.

CERTIORARI to review summary proceedings, instituted before a justice of the peace in Syracuse, under the "landlord and tenant act."

The affidavit of the respondent was as follows:

" ONONDAGA COUNTY,  }
   CITY OF SYRACUSE, } *ss. :*

" Margaret Lamb, of Syracuse, in said county, being duly sworn, says, that she is the rightful owner of the premises hereinafter mentioned, and entitled to the possession thereof ; and that Edward Hughes is justly indebted unto said Margaret Lamb in the sum of fifteen dollars due the 1st day of August, 1876, for the rent of a house and premises known as No. 163, on East Washington street, in Syracuse aforesaid ; that she has demanded the said rent from the said Hughes, who has made default in the payment thereof pursuant to the agreement under which said premises were let, and that he holds over and continues in possession of the same without the permission of the landlord, after default as aforesaid.

her<br>
" MARGARET + LAMB."<br>
mark.

" Sworn to this 17th day of August,  }
     1876, before me,     . }

           " H. WHEATON,
               " *Justice.*"

The constable who served the summons returned the same with the following indorsement thereon:

"I certify that on the 17th day of August, 1876, at about twelve o'clock, noon, I served the within summons, personally, on the defendant, in Syracuse, New York, by handing to and leaving with him a true copy thereof, and at the same time showing him the original.

"THOMAS CONWAY,

"*August* 17, 1876.   Fees, 50, paid.                   *Constable.*"

*Coats & Belknap*, for the relator.

*A. L. Johnson*, for the defendant.

TALCOTT, J.:

This is a *certiorari*, the return to which brings up summary proceedings before a justice of the peace in Syracuse, under the "landlord and tenant act." Under the twenty-third rule of the Supreme Court this should be heard at the Special Term in the first instance, but we have looked into the case and do not see that any of the objections of the relator to the proceedings before the magistrate are tenable. The affidavit of the landlord is in precise accordance with the form for that purpose prescribed in Wait's Practice (5 Wait's Prac., 427), with the addition of the words, probably unnecessary, that she, the landlord, is the rightful owner of the premises and entitled to the possession thereof, and we think sufficiently shows that the conventional relation of landlord and tenant exists between the parties, and the averment that the amount specified is due for the rent of the premises, in pursuance of the agreement by which the premises were "*let*," in connection with the statement, that the defendant holds over and continues in possession thereof, is, we think, substantially equivalent to the statement that the amount is due, pursuant to the agreement under which the premises are "held" as required by the statute. We think due proof of the service of the summons was made by the certified return of the constable. That showed a service upon the defendant personally, by showing the original and delivering a copy.

The case of *Robinson* v. *McManus* (4 Lans., 380) is only to the effect that the justice was not confined to the return as evidence of

the service, but where that did not show all the particulars of a due service, might examine the constable orally. The officer is required to make return in such a case (2 R. S. [m. p.], 440, § 77), and such return if it shows a good service, is "due proof." The fact that the justice received evidence of the circumstances which authorized the issuing of the warrant, although there was no appearance on behalf of the tenant, though perhaps unnecessary, had no tendency to injure the relator, and does not constitute a proper subject of complaint by him.

The *certiorari* must be dismissed, and the proceedings affirmed with costs to the defendant.

Present — Mullin, P. J., Talcott and Smith, JJ.

*Certiorari* dismissed and the proceedings affirmed, with costs to the defendant.