act of 1855, c. 37, and *Parker Mills* v. *Commissioner*, 23 N. Y. 242, construing the latter act; and also *People* v. *Commissioner*, 59 N. Y. 40. But those laws and those decisions respect the taxation of property in this state. They do not touch the question now involved. This present law is not a tax on property. *Insurance Co.* v. *New York*, 134 U. S. 594, 10 Sup. Ct. Rep. 593, 92 N. Y. 329; *People* v. *Trust Co.*, 96 N. Y. 387. It is a tax on the privilege of doing business here. *State Railroad Tax Cases*, 92 U. S. 575. The subject was again considered in *People* v. *Telephone Co.*, 117 N. Y. 241, 22 N. E. Rep. 1057, and the distinction taken in that case confirms the views above expressed.

The relator further insists that this law, in its effect on corporations of other states, is unconstitutional, as an interference with interstate commerce. (*Robbins* v. *Taxing Dist.*, 120 U. S. 490, 7 Sup. Ct. Rep. 592; *Asher* v. *Texas*, 128 U. S. 129, 9 Sup. Ct. Rep. 1; *Leloup* v. *Port of Mobile*, 127 U. S. 640, 8 Sup. Ct. Rep. 1380;) but this is well answered by Judge WALLACE in the case just referred to. He says that the state could not tax the privilege of soliciting orders here in behalf of sellers doing business in other states. "But a foreign corporation which establishes a business domicile here, and brings its property within this jurisdiction, and mingles it with the general mass of commercial capital, is taxable here; and the power of the state is ample to tax its property, or to lay a tax on its privilege of doing business." It seems to us that this is a sound distinction, and that it shows that the present case does not come within the decisions condemning interference with interstate commerce. See *Society* v. *Coite*, 6 Wall. 607. There is a clear distinction between the cases in which a citizen of one state sends agents or drummers into another, and the state into which they are sent imposes a license fee on them, and other cases in which a citizen of one state goes into another and carries on business there. In the latter class of cases there seems to be lacking that element of interstate commerce which a majority of the court discovered in the *Robbins' Case*. The argument of the relator seems to go so far that the state could never, under this statute, tax a corporation of another state for any business which it should do in this state, coming here and carrying on such business; and when we consider that it is the privilege of doing business here as a corporation on which this law imposes a tax, we shall see that the law is not subject to the criticisms made by the relator. It may not be easy to draw the line between such laws as do and such laws as do not interfere with the constitutional right that congress alone shall control interstate commerce. The views of the judges of the highest courts of the country vary, and many of the cases show very able dissenting opinions. But from the best examination which we can give of this case, and of the decisions referred to by the relator's counsel, we think the action of the comptroller was correct. No argument is presented us to the amount of the tax in case the relator is taxable. Decision of the comptroller confirmed, with $50 costs and disbursements.

LANDON and MAYHAM, JJ., concur on the merits.

---

### MANETTE *v.* SIMPSON.

(*Supreme Court, General Term, Third Department.* July 11, 1891.)

PRINCIPAL AND AGENT—ACTIONS—UNDISCLOSED PRINCIPAL.

Plaintiff, by writing under seal, leased to defendant a certain farm "now owned by W.," a third person, the rent to be paid to the "party of the first part" (plaintiff) at certain times. *Held*, that such lease did not show on its face that plaintiff acted as agent for W., and an action for the rent reserved was maintainable in plaintiff's name, though the relation of principal and agent did in fact exist.

Appeal from Sullivan county court.

Action by Jonathan D. Manette against William Simpson. From a judgment of the county court, affirming the judgment of a justice of the peace in favor of plaintiff, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Charles H. Stage*, for appellant.    *George H. Smith*, for respondent.

MAYHAM, J. The plaintiff prosecutes this action to recover rent, which he claims is due him on a lease of which the following is a copy:

"It is hereby agreed between J. D. Manette of the first part and William Simpson of the second part that the said J. D. Manette agrees to rent to the party of the second part the farm situate near Thompsonville, and known as the 'Highston Farm,' now owned by Catherine Whitney, on the following conditions: The party of the second part agrees to pay seventy-five dollars and the highway tax for the use of the farm and buildings for one year from the first day of April, 1890, to the 31st day of March, 1891, payment to be made to the said party of the first part on or before the first day of October, 1890. If said party of the second part fails in his payment as agreed, then the hay and all the crops on the farm shall be holding for the same until said payment is made. And he further agrees to put up at least two-thirds of the hay raised on the place, and, in case any part of the one-third of hay is left, he is to give the said J. D. Manette the first refusal of it. The party of the first part further agrees to furnish materials for and have the fences around the house and barn repaired in good order, and the party of the second part, rented for one year, with the privilege of three years on the same terms; the party of the first part reserving the right to sell at any time.

"*Dated the 28th of March*, 1890.                [Signed]    J. D. MANETTE.
                                                              "WM. SIMPSON."

The answer, among other things, set up that the plaintiff is not the real party in interest; and it appears in proof that the farm belonged to Mrs. Whitney, and that the plaintiff acted as her agent. On this evidence the defendant asked that the plaintiff's complaint be dismissed, which motion was denied, and the defendant excepts, and now claims that the justice erred, and that the judgment should for that reason be reversed. The contract was in writing, not under seal, and is between the plaintiff and defendant, and does not upon its face disclose the existence of the relation of principal and agent. In such a case the action may be maintained either by the principal or agent in either of their individual names. *Considerant* v. *Brisbane*, 22 N. Y. 389; *Schaefer* v. *Henkel*, 75 N. Y. 378; *Ludwig* v. *Gillespie*, 105 N. Y. 653, 11 N. E. Rep. 835. The action was therefore properly brought in the name of the lessor. There was no error committed by the justice in receiving or excluding evidence for which the judgment should be reversed. The conflict in the evidence as to the agreement to furnish material for fencing made it a question of fact, and the decision of the justice on such disputed facts cannot properly, under the evidence in this case, be reversed on this appeal. Judgment of the justice and the county court affirmed, with cost. All concur.