## GARRICK *v.* MENUT.

*(City Court of New York, General Term.    December 17, 1891.)*

1. TENANCY FROM YEAR TO YEAR—HOLDING OVER.

    Defendant having occupied premises as a yearly tenant for several years, on expiration of the last term, held over, paid the rent for the first month, and gave a check in the name of his firm on account of the next. *Held,* that the facts established a hiring by defendant for another year.

2. DEFECT OF PARTIES—WAIVER OF OBJECTION FOR NON-JOINDER.

    An action for rent cannot be defeated on the ground of non-joinder as a defendant of one alleged to be liable as a partner therefor, where the objection is not taken by answer or demurrer, as provided by Code Civil Proc. §§ 488, 489, and is therefore waived, under section 499. The provision of section 452 for bringing in additional parties, "where a complete determination of the controversy cannot be had" without their presence, does not apply to such an action.

Appeal from trial term.

Action by Catharine Garrick against Edouard B. Menut for rent. At the trial a verdict for plaintiff was directed by the court, and judgment was entered thereon. Defendant appeals from the judgment. Affirmed.

Argued before VAN WYCK, FITZSIMONS, and McCARTHY, JJ.

*Benner & Benner,* for appellant.    *Johnston & Johnston,* for respondent.

VAN WYCK, J. This action is by the landlord to recover unpaid balance of June rent and rent of July, 1891, for premises let to defendant at the annual rental of $2,200, payable monthly. The plaintiff herself testifies that

about April 1, 1891, she had a conversation with defendant, who had been a yearly tenant in occupation of these premises for several years at a yearly rental of $2,200, when it was agreed that he was to lease the premises for another year from May following at the same rental. Mr. Slattery, a witness on behalf of plaintiff, testified that defendant had occupied the premises for several years as tenant of plaintiff; that he had collected the rent during all the time that defendant was there as tenant; that during the last year of his occupancy defendant paid $2,200; that he paid on account of the year beginning May 1, 1891, the first month's rent for May of the new year, and that he gave a check for $120 on account of rent for June, 1891, signed by him in the name of "E. B. Menut & Co." The defendant then moved to dismiss the complaint, on the ground that the action was against defendant personally, while the testimony of plaintiff showed nothing whatever on the subject of a lease, and that the testimony of Mr. Slattery showed no lease, but is that he received a check of E. B. Menut & Co. This motion was properly denied, and then the defendant testified as follows: "I am the senior member of the firm of E. B. Menut & Co. That firm is composed of Mr. G. Hilton Scribner and myself. We both had an interest in the business, and he occupied the building as much as I did. I did not, at any time, from about last April to last May, make a personal arrangement with Mrs. Garrick to occupy these premises to the first of next May or any other time. During the time that I was in these premises I was in there merely as one of the firm of E. B. Menut & Co. I never had any personal hiring of these premises of any kind. I did not make any verbal lease with Mrs. Garrick,—simply held on according to the old lease we had,—but I never made any personal agreement. I did not say anything to her, because I did not see her. She did not say anything to me. She simply sent around the collector every month, and I paid by check, as usual. The collector did not say anything either. I have complained on several occasions that the rent we were paying was excessive, but I did not have any occasion to complain, especially at the time she describes, because I did not have any personal lease myself for the premises. I do not recollect having seen her about the 1st of April, and I am certain I did not make any personal arrangements for the building." The foregoing is all of defendant's testimony *verbatim*, and is all of the evidence offered on his behalf. At the close of this testimony the court assumed control of the case, and directed a verdict for plaintiff; and the defendant excepted to this direction, but made no request to be allowed to go to the jury on any specified alleged disputed questions of fact. The answer was simply a general denial, and containing no plea, making objection to the non-joinder of defendant's copartner, or in any way calling attention to the existence of such partner or of any copartnership whatever.

The substance of defendant's evidence is simply an effort to defeat plaintiff's recovery on the ground of the non-joinder of defendant's partner as a party defendant, but this cannot avail him, as Code Civil Proc. § 488, provides that when such defect of parties, plaintiff or defendant, appears on the face of the complaint, objection may be taken by demurrer; and section 498 provides that, when such defect does not appear on the face of the complaint, the objection may be taken by answer, while section 499 provides that "if such objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it." This express language would, even in the absence of any judicial authority, nullify this defendant's effort to defeat plaintiff's recovery by reason of the non-joinder of his partner as a party defendant; but there is a long line of decisions, under sections 144, 147, and 148 of the old Code, which corresponds with the above-mentioned sections of the new Code. *Zabriskie* v. *Smith,* 13 N. Y. 337; *Hosley* v. *Black,* 28 N. Y. 444; *Merritt* v. *Walsh,* 32 N. Y. 689; *Patchin* v. *Peck,* 38 N. Y. 39; *Roberts* v. *Johnson,* 58 N. Y. 616; *Davis* v. *Bechstein,* 69 N. Y. 443.

This principle of practice is absolutely settled, and would not be further discussed, except for a misapprehension which seems to have existed as to the meaning of section 452 of the Code, which provides for the bringing in of additional parties, "where a complete determination of the controversy cannot be had without the presence of other parties." This section has reference more particularly to equity suits, partition foreclosure suits, etc., where the parties sought to be brought in have some interest, fixed or contingent, in the subject-matter of the controversy, such as that of the inchoate right of dower of a wife of whose existence nothing was known until the trial; and the rights as tenant by the curtesy of a husband whose existence was first discovered at trial, and whose interest formerly was of some substance, but is now shadowy, and subject to be defeated by the wife's conveyance, either by deed or will; or where an injunction is sought, say against a copartnership firm, and where, at the trial, it is discovered that a person not a party is a member of such firm; and so illustration after illustration could be given showing that section 452 has application only to conditions entirely different from those existing in the case now under consideration. It must be confessed that this plaintiff's case was not as fully presented as it could have been, for a half dozen well-directed questions, addressed to the defendant while on the witness stand, must have brought forth statements of the true conditions attending his entry into possession and his continued occupancy of the premises. The exhaustive brief of plaintiff's counsel has, however, treated her meager case in such an able manner as to convince the court that the trial judge was justified in directing the verdict; for, eliminating the testimony of the plaintiff herself from the case, sufficient is left to establish, as an undisputed fact, that the defendant was a hold-over tenant of the premises, under the same conditions as to rent, etc., as those under which he held possession of and occupied the premises for the previous year ending May 1, 1891; for, as above stated, he will not be allowed to defeat plaintiff's recovery because of the nonjoinder of his partner as a defendant. The defendant does not deny the evidence of the witness Slattery that he occupied the premises under a yearly letting for the year ending May 1, 1891, at the yearly rental of $2,200, payable monthly; but simply denies that he made the verbal agreement testified to by Mrs. Garrick as made in April, and expressly admits that he held over under the old lease, under which he had occupied the premises for the previous year; for his testimony is: "I did not make any verbal lease with Mrs. Garrick; simply held on according to the old lease we had. I never made any personal agreement." If he had informed the plaintiff by his answer that he had a partner liable with him for the rent, she would have undoubtedly amended her complaint accordingly. The firmly established law of this state is that a tenant occupying premises under a letting from May to May, who holds possession after the expiration of the term, can, at the election of his landlord, be held liable for another year's rent at the same rate and under the same conditions of the previous letting. *Schuyler* v. *Smith,* 51 N. Y. 309; *Ackley* v. *Westervelt,* 86 N. Y. 448; *Laugbran* v. *Smith,* 75 N. Y. 205; *Coudert* v. *Cohn,* 118 N. Y. 309, 23 N. E. Rep. 298. The plaintiff's judgment must be affirmed, with costs. All concur.