(11 Misc. Rep. 345.)

JOHNSON v. DOLL.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. TENANCY FROM YEAR TO YEAR—HOLDING OVER.
   Where a tenant takes possession under lease for one year, and continues in possession after the expiration of that year, he thereby renews the letting for another year on the same terms.

2. PRINCIPAL AND AGENT—RIGHTS OF UNDISCLOSED PRINCIPAL.
    The fact that premises were let to the tenant by an agent without disclosing his agency, and that the tenant supposed the agent to be the owner, does not prevent the owner from recovering the rent.
3. WITNESS—CREDIBILITY—AGENTS.
    The fact that a witness, as agent for plaintiff, made the contract sued on, does not furnish any ground for discrediting his testimony.

Appeal from First district court.

Action by James D. Johnson against Julius Doll for rent. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Johnston & Johnston, for appellant.

M. I. Friedlander, for respondent.

BOOKSTAVER, J.   The issues in this action were joined by written complaint and answer.   The plaintiff sued for rent of store and first floor of No. 1305 Lexington avenue, in this city, for the months of February, March, and April, 1894, amounting to the sum of $114.99, under a yearly letting by one Anton Schwarz, plaintiff's assignor, to the defendant.   The answer admitted nonpayment of the rent, and alleged that the plaintiff was not the real party in interest, and that one Emanuel Popper was, and that said Popper was defendant's landlord, and owner of the premises, and set up as a defense the surrender of the first floor of the premises to Popper, as landlord, and also set up as a counterclaim that Popper owed the defendant the sum of $90 for work, labor, and services performed by the defendant for him.   Popper was called as a witness for the plaintiff, and swore that he knew both the defendant and Mr. Schwarz, the owner of the premises, and had been the agent for him, for renting the premises, for 10 or 11 years, and that he communicated that fact to the defendant.   He also testified he let the premises in question, consisting of a part of the store and the floor upstairs, at the rate of $18.33 for the store and $20 for the floor, making in all $38.33 a month; that the rent was payable in advance, and that the defendant had not paid for the months of February, March, and April, 1894; and that this rent amounted to the sum of $114.99.   On cross-examination it appeared that the first agreement with the defendant was in 1892, for the store, and that he then hired it for one year, and took possession in April, 1892, and that a few months afterwards he took the floor over the store for $20 a month.   The defendant testified that he did not know, and never saw, Schwarz, plaintiff's assignor, and that Popper never told him that Schwarz was the owner of the house, and that he had never had any business with Schwarz, and never hired the premises from him.   He also testified that he hired the flat from month to month, but nowhere claims that he took the store by the month.   He also testified he gave the keys to the janitress on the 18th January, when he moved out, but admits he did not give them to Popper.   The defendant also called the janitress of the building, who testified that defendant's brother handed her the

keys of the flat in the latter part of January, and she took them, and hung them upstairs, in the rooms defendant had just vacated, and a couple of days afterwards she met Mr. Popper, and told him that defendant had moved out, and that Mr. Popper was the agent of Mr. Schwarz. She testified that when she told Popper about the keys he said that he had not authorized her to take the keys from the defendant, and that he expected the defendant to pay rent for the premises. On this state of facts, the court below gave judgment in favor of the defendant, from which this appeal is taken.

The original agreement having been for one year, and the defendant having entered into possession and occupied it for that year, when he continued in possession after the expiration of that year he thereby, ipso facto, renewed the letting for another year, for the same term and under the same conditions as the previous letting. Garrick v. Menut (City Ct. N. Y.) 17 N. Y. Supp. 455; Ackley v. Westervelt, 86 N. Y. 448; Schuyler v. Smith, 51 N. Y. 309; Laughran v. Smith, 75 N. Y. 205; Coudert v. Cohen, 118 N. Y. 309, 23 N. E. 298. The plaintiff's witness Popper testified that he was the agent of the owner of the premises, for the letting thereof, and in this he is corroborated by the defendant's witness the housekeeper. As against this, all that the defendant said was that he never knew Mr. Schwarz, and that Popper had not told him that he was representing Mr. Schwarz, the owner. This did not raise any issue between the parties, except as to the fact of information, and that was wholly immaterial. If Popper did not disclose to the defendant his agency, it in no way prevented the real owner from ratifying the act of his agent, and claiming the rent due him. But it is strongly urged that Popper was an interested witness, in that the defendant had a counterclaim against him. As I understand from the return, and from defendant's counsel on the argument and in his brief, this counterclaim was abandoned on the trial, as it well might have been. There could be no recovery of a debt due from Popper to the defendant, from the plaintiff. He therefore had no pecuniary interest in the result of this trial, and his interest was that of an agent, merely, which, standing alone, would not, in our judgment, warrant the court below in discrediting his testimony, while the act of the janitress did not make her so interested in the result as to warrant the rejection of her testimony. See Howe v. Schweinberg, 4 Misc. 73, 23 N. Y. Supp. 607. We therefore think that, in any possible view of the case, the plaintiff was entitled to recover for the three-months rent of the store, on the undisputed evidence that his assignor was the owner of the premises, and Popper only his agent. Taintor v. Prendergast, 3 Hill, 72; Gubner v. Vick, 6 N. Y. St. Rep. 5. In Manette v. Simpson (Sup.) 15 N. Y. Supp. 448, the court said that either principal or agent, in such a case, could sue, in either of their individual names, upon the contract of leasing made by the agent with the defendant, the tenant of the demised premises.

We also think the evidence as to the surrender of the flat clearly insufficient. The mere giving up the keys, even to the landlord, has been held not sufficient to constitute a surrender. Thomas v. Nelson,

69 N. Y. 118; Lucy v. Wilkins, 33 Minn. 441, 23 N. W. 861. Much less can the handing of them to a janitress, who is not shown to have any authority to receive them or a surrender, be considered a surrender. There was no attempt to show any surrender of the store at any time. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant.

BISCHOFF, J., concurs.

GIEGERICH, J. (concurring). The only possible theory upon which the verdict of the court below can be sustained is that both the agent and the janitress were interested witnesses; but, assuming —not conceding—such to be the fact, their testimony, being uncontradicted and unimpeached, could not be disregarded. In the case of Lomer v. Meeker, 25 N. Y. 361, the action was upon a promissory note; and the payee thereof testified to the defense of usury, which was set up by the answer. The witness was not impeached or contradicted, and the defendants moved that the complaint be dismissed on the ground that the proof showed that the note had been discounted at an usurious rate. This motion was denied, and the defendants excepted. The case was then submitted to the jury, who found a verdict in favor of the plaintiff. The judgment thereon having been affirmed at general term, the defendants appealed to the court of appeals, where the judgment was reversed. Smith, J., who spoke for the court, said:

"The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously. They are bound to believe, for judicial purposes, such testimony; and it would, in an instance like this, be the clear duty of the court to set aside the verdict of a jury, founded on a disbelief of clear, uncontradicted, and undisputed evidence."

This ruling was followed in Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109, where it was held that a verdict may be directed where the only testimony to sustain it is that of the person requesting the verdict, if the same is uncontradicted, and there exists no circumstance from which an inference against the fact so established can be drawn. The doctrine of this case has also been followed in Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654, and Plyer v. Insurance Co., 121 N. Y. 689, 24 N. E. 929. From a consideration of the cases cited, and other kindred ones, they seem to me to establish the rule that the positive testimony of a witness, though interested in the result of the litigation, cannot be disregarded, if the same is uncontradicted, and if there exists no circumstance from which an inference against the fact testified to by him can be drawn. There were no facts or circumstances proved on the trial which bring the case at bar within this exception. I therefore concur in the reasoning and conclusion as expressed in the learned opinion of Judge BOOKSTAVER.