## LEWIS v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term.   June 1, 1906.)

EVIDENCE—SUFFICIENCY—TESTIMONY OF PARTY.

Where, on a trial to the court without a jury, the testimony of plaintiff was clear, and not inherently improbable in itself or in connection with circumstances detailed therein, it was error for the court to disregard it.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2438.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Mary Lewis against the New York City Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

E. V. R. Ketchum, for appellant.

William E. Weaver, for respondent.

GILDERSLEEVE, J. The plaintiff was the only witness sworn in her own behalf. At the close of the plaintiff's testimony the defendant moved for a dismissal of the complaint, which was denied. The defendant then rested, and immediately moved for judgment in its favor, which was granted. Upon this appeal by the plaintiff the defendant makes no claim that the plaintiff's testimony did not show facts sufficient to constitute a cause of action, and urges but one point as a ground for an affirmance of the judgment, viz.:

"The trial justice constituting the court within which the action was brought had the province of a jury in deciding questions of fact."

That proposition, when applied to disputed questions of fact, is correctly stated; but it has no application to a case of this kind. Where the testimony of a witness, although a party, is clear, not inherently improbable, either in itself or when taken in connection with circumstances detailed therein, a court or jury has no right to disregard it. "The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by a court or a jury arbitrarily or capriciously." Robinson v. McManus, 4 Lans. 380, 387. Johnson v. Doll, 11 Misc. Rep. 345, 32 N. Y. Supp. 132; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109; Littlefield v. Lawrence, 83 App. Div. 327, 82 N. Y. Supp. 25. In this case the plaintiff's testimony bore no marks whatever of improbability. In fact, it showed a situation so common and so often before the courts that its mere narrative carries with it an atmosphere of conviction of its truth. The rights of the people would have no safeguard, and the courts of justice would afford no forum for the redress of wrongs, if the unimpeached and uncontradicted testimony of a witness can be overthrown without reason.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.