Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by James A. Allen against Daniel Flynn. Plaintiff appeals from a judgment in his favor granting insufficient relief. Judgment increased and affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Willard S. Allen, for appellant.

GILDERSLEEVE, J. The plaintiff appeals from a judgment rendered in his favor. The plaintiff is an attorney and counsellor at law, and testified that he was employed by the defendant to prepare the articles of incorporation for a corporation to be known as the Flynn Contracting & Construction Company, of which the defendant was to own a large number of shares; that he prepared the articles; that they were executed by the incorporators, and that the defendant then asked his price for such services, and was informed that it would be $250; that the defendant then asked plaintiff to advance sufficient money to pay the necessary fees for filing the papers, which was done by plaintiff and which amounted to the sum of $38.26, for both of which amounts the defendant promised to send his check the next day. Later, and on February 1, 1906, the plaintiff mailed his bill for said amounts to the defendant, which he retained, and made no objection thereto down to the time of the trial in June. In this statement the plaintiff was corroborated by one witness. Upon the trial the defendant was the only witness sworn in his own behalf, and his contention was that the plaintiff was to be one of the incorporators, and that his claim for services and disbursements was not to be paid until the company was formed, and that said company never did any business. The trial justice evidently believed the plaintiff's version, but gave him a judgment for the sum of $138.26 only. There is no foundation in the evidence for such a judgment. There is no dispute but that the plaintiff's services were agreed upon at the sum of $250, nor that the disbursements were $38.26; and the court below, having found in favor of the plaintiff upon a disputed question of fact, should have rendered judgment for the proven amount of plaintiff's claim, viz., $288.26 damages and $6.24 interest, making in all the sum of $294.50. See Kemp v. Tonncle Co. (Sup.) 99 N. Y. Supp. 885.

Judgment increased to the sum of $294.50, with appropriate costs in the court below, and, as increased, affirmed, with costs. All concur.

---

BERUS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

WITNESSES—CREDIBILITY—EFFECT OF INACCURATE TESTIMONY.

Plaintiff's corroborated and uncontradicted testimony that the conductor of a street car refused him a transfer is not rendered improbable, so as to authorize the court to disregard it, by the fact that, while he testified that he saw a stenographer drawing up the complaint, the complaint is a mimeograph copy, that is, a form of complaint applicable in a general way to the particular class of cases, requiring merely to be

properly filled out; it being reasonably inferable and entirely reconcilable with his statement on the subject that he may have seen the stenographer filling out such blank.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Herman Berus against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Washburn & Sickels (Charles H. Herdt, of counsel), for appellant. James L. Quackenbush, for respondent.

FITZGERALD, J.  On May 12, 1906, plaintiff boarded one of defendant's cars going north at Tenth street and Sixth avenue, paid his fare, and immediately asked the conductor for a transfer to the Twenty-Third Street Crosstown Line.  A transfer was not given him, and he rode to Twenty-Third street and again asked for a transfer, and the conductor refused to give him one.  He subsequently boarded a crosstown car at Twenty-Third street, and explained to the conductor of that car the refusal of the conductor on the uptown Sixth Avenue car to give him a transfer.  This conductor demanded another fare, which plaintiff paid.  C. L. Rowe corroborates plaintiff's statement as to the refusal of the conductor to give the transfer and as to the payment to conductor on the Twenty-Third Street Crosstown Line.

As regards plaintiff's statement that he was refused a transfer, it stands corroborated and absolutely uncontradicted.  The only improbability suggested is claimed to be inferable from the fact that the complaint in the record is a mimeograph copy and tends to refute his statement that he saw a stenographer drawing up that complaint.  A mimeograph complaint may be described as a form of complaint applicable in a general way to a particular class of cases, and is therefore nothing more than a blank, which, before it can be of service in a special instance, must be properly filled out.  It is reasonably inferable and entirely reconcilable with plaintiff's evidence on this subject that he may have seen the stenographer filling out such blank.  Moreover, his examination in chief showed a situation, as was said in Lewis v. N. Y. City Ry. Co. (Sup.) 99 N. Y. Supp. 462, "so common and so often before the court that its mere narrative carries with it an atmosphere of conviction of its truth."  Applying, therefore, the rule in Lewis v. N. Y. City Ry. Co., supra, judgment must be reversed, and new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.