## MEYERS v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term.   December 11, 1906.)

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Herman Meyers against the New York City Railway Company.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Harcourt Bull, for appellant.
James L. Quackenbush, for respondent.

PER CURIAM.   This case comes directly within the authority of our decision in the case of Lewis v. N. Y. City Ry. Co., handed down at the May term, 1906, and reported in 50 Misc. Rep. 535, 99 N. Y. Supp. 462.

For the reasons there stated, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

---

### KARL v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term.   December 11, 1906.)

EVIDENCE—SUFFICIENCY—TESTIMONY OF PARTY.

Where plaintiff is the only witness in his behalf, but testifies without contradiction to facts sufficient to constitute a cause of action, and his testimony is clear and not inherently improbable, either in itself or taken in connection with circumstances detailed therein, a court or jury may not disregard it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2431, 2438.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Gustave Karl, Jr., against the New York City Railway Company.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Harcourt Bull, for appellant.
James L. Quackenbush, for respondent.

PER CURIAM.   The case at bar comes directly within the authority of our decision in the case of Lewis v. This Defendant, 50 Misc. Rep. 535, 99 N. Y. Supp. 462, where we held that where a plaintiff is the only witness in her own behalf, but testifies without contradiction to facts sufficient to constitute a cause of action, and her testimony is clear and not inherently improbable, either in itself or taken in connection with circumstances detailed therein, a court or a

jury has no right to disregard it, and a judgment for defendant will be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

