### BOLSTER v. NEW YORK CITY RY.

(Supreme Court, Trial Term, New York County. July 15, 1908.)

EVIDENCE (§ 594*)—WEIGHT AND SUFFICIENCY—UNCONTROVERTED EVIDENCE.

Where plaintiff swore positively to the happening of the accident, and there were no circumstances indicating that plaintiff's testimony was improbable, surprising, or suspicious, and defendant's counsel failed to call attention to any such circumstances, and called no witness to contradict the testimony, plaintiff should not have been disbelieved, and a verdict in favor of defendant must be set aside.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

Action by one Bolster against the New York City Railway. Verdict in favor of the defendant, and plaintiff moves to set it aside. Motion granted.

Jacob J. Aronson, for the motion.
J. L. Quackenbush (Joseph P. Brennan, of counsel), opposed.

GIEGERICH, J. The plaintiff swore positively to the happening of the accident, and the defendant did not call any witness whatever in contradiction. So far as I can recall there were no circumstances indicating that the plaintiff's testimony was improbable, surprising, or suspicious, and the defendant's counsel has failed to call attention to any. In such a situation the testimony of the plaintiff should not have been disbelieved. Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102; Littlefield v. Lawrence, 83 App. Div. 327, 82 N. Y. Supp. 25; Kappes v. N. Y. City Ry., 50 Misc. Rep. 534, 99 N. Y. Supp. 322; Lewis v. N. Y. City Ry., 50 Misc. Rep. 535, 99 N. Y. Supp. 462; Johnson v. Doll, 11 Misc. Rep. 345, 348, 32 N. Y. Supp. 132. The verdict of the jury in favor of the defendant must therefore be set aside.

Motion granted, without costs.