PETER R. KELLY, Respondent, v. HORACE F. BURROUGHS, Appellant.

Where a second indorser of a promissory note has paid and taken it up, he becomes a holder for value and may maintain an action to recover the amount thereof of the first indorser although both are accommodation indorsers.

The plaintiff in such an action is not precluded by the death of the maker of the note from testifying as a witness in his own behalf, as to the circumstances of the indorsement; the defendant is not of the class of persons protected by the provision of the Code of Civil Procedure (§ 829), prohibiting a party from testifying in certain cases as to personal transactions with a deceased person.

The mere fact that the sole evidence as to a material fact in issue in an action is the testimony of a party, when there is no conflict in the evidence or circumstances from which an inference against the fact so testified to can be drawn, does not require the submission of the question to the jury.

(Argued March 15, 1886; decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 10, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 33 Hun, 349.)

The complaint states that on the 30th of November, 1881, one Evans made and executed his promissory note, payable four months after date to the order of the defendant

for $600 ; that the defendant indorsed the note ; that so in-
dorsed, and before maturity, the note was transferred to the
plaintiff for value.   It alleges presentment for payment, pro-
test and notice of non-payment, and that plaintiff is the owner
of the note.

The defendant answered, but denied none of the allegations
of the complaint.   He set up, however, that his indorsement
was without consideration, and for accommodation ; and upon
information and belief that it had no legal validity until it
was  discounted at the plaintiff's request, at the Commercial
Bank, and the proceeds paid to him.   For a second defense
the defendant alleges that the note was paid.   Upon the trial
the plaintiff put in evidence the note, signed by Evans as
maker, indorsed first by the defendant, and second by the
plaintiff.   But he also proved that the Commercial Bank had
recovered a judgment against the maker and himself upon the
same note ; that he paid its amount to the bank and had the
judgment satisfied as to himself.   It was proven also that
the note was the property of the bank at the time suit was
brought against Evans and Kelly.   The defendant then testi-
fied that he indorsed the note at the request and for the ac-
commodation of Evans, the maker, and returned it to him ;
that the plaintiff procured the note to be discounted, had the
money placed to his own credit, and on the same day drew the
money.   The plaintiff then testified that he indorsed the note
and procured it to be discounted at the request of the maker,
and gave the proceeds to him.   Other evidence was given to
the same effect.   The defendant's counsel asked to go to the
jury upon the testimony.   The plaintiff's counsel requested
the court to direct a verdict in favor of the plaintiff.   The
court refused the defendant's request, and directed a verdict
in favor of the plaintiff for the amount claimed.   The defend-
ant afterward made a motion for a new trial, which was denied.
From that order and from judgment upon the verdict an ap-
peal was taken to the General Term.

*A. E. Lamb* for appellant.   A verdict cannot be directed

where the only testimony to sustain it is that of the person asking the verdict, testifying on his own behalf. (*Wohlfahrt* v. *Bickert*, 92 N. Y. 490; *Ellwood* v. *W. U. Tel. Co.*, 45 id. 553; *Kavanagh* v. *Wilson*, 70 id. 177; *Guildersleeve* v. *Landon*, 73 id. 609.) The defendant was not competent, under section 829 of the Code, to give evidence as to his transactions with the deceased on which this verdict was finally directed. (*People, ex rel. Twenty-third Street R. R. Co.*, v. *Commissioners of Taxes*, 95 N. Y. 557.)

*J. Stuart Ross* for respondent. Defendant being a prior indorser to the plaintiff, on production of the note by plaintiff and proof of the payment by him of the judgment recovered by the bank against him, was entitled to judgment. The fact that plaintiff and defendant were both accommodation indorsers was immaterial. (Daniels on Neg. Inst. [3d ed.] 631, § 703.) Any testimony by the defendant or in his behalf, concerning the making, indorsement or discount of the note, was evidence concerning the transaction or communication with the deceased maker, and under section 829 of the Code would have justified the testimony by the plaintiff on rebuttal as to the same transaction. (*Sweet* v. *Eddy*, 28 Hun, 432; *Markell* v. *Benson*, 55 How. 300, 363; *Lewis* v. *Merritt*, 98 N. Y. 206; *Pinney* v. *Orth*, 88 id. 447; *Wadsworth* v. *Hermans*, 85 id. 639.)

DANFORTH, J. We think the appeal must fail. Conceding that both indorsers became so at the request, and for the accommodation of the maker, the defendant was still liable, as first indorser, to the plaintiff, as second indorser, and when the latter paid the amount of the note to the bank, and took it up, he became a holder for value, and entitled to indemnity from the defendant. Concerning the facts there was no dispute, and consequently no occasion to present them to the jury. The mere fact that the plaintiff, who testified to important particulars, was interested was unimportant in view of the fact that there was no conflict in the evidence, or any thing or cir-

cumstance from which an inference against the fact testified to by him could be drawn.    The cases cited by the appellant lack this element, while *Lomer* v. *Meeker* (25 N. Y. 361) sustains the ruling of the trial court.

It is claimed, however, by the appellant that the plaintiff was improperly allowed to testify to the transaction between himself and Evans.  Evans was dead, and the contention is put upon section 829 of the Code.    I am unable to perceive that the defendant is of the class of persons protected by that section.

The other exception seems to have neither substantial nor technical merit.    The defendant suffers from a relation to the note, which, at the request of Evans, he voluntarily assumed, and not from any error of the court in enforcing his liability.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.