MICHAEL J. CUNNINGHAM, Appellant, *v.* ADOLPH GANS, Respondent.

*A check given for money won at a game of chance — unimpeached testimony cannot be arbitrarily disregarded — verdict set aside.*

A check, given in consideration of money won from the maker at a game of chance, is utterly void.

The positive testimony of an unimpeached and uncontradicted witness, given upon the trial of an action, cannot be arbitrarily or capriciously disregarded by the court or jury, and it is the duty of the court to set aside the verdict of a jury founded upon the disbelief of clear, uncontradicted and undisputed evidence.

APPEAL by the plaintiff, Michael J. Cunningham, from an order of the Supreme Court, made at the New York Circuit and entered in the office of the clerk of the county of New York on the 12th day of February, 1894, setting aside the verdict of a jury in favor of the plaintiff rendered after a trial at the New York Circuit.

*Ira Leo Bamberger,* for the appellant.

*Arthur Furber,* for the respondent.

BARRETT, J.:

This is an appeal from an order granting a new trial upon the minutes of the judge at Circuit. The action was upon a check, and the defendant set up that the check was given for money lost at a game of chance called " roulette." Upon the trial this defense was established by a disinterested witness named Stahl, who fully confirmed the defendant with regard to the transaction. There were some slight discrepancies between Stahl and the defendant in matters of detail, but none with regard to the material fact. The plaintiff failed to produce the payee of the check, one Vanderburgh, nor

did he offer any evidence in contradiction of that given by Stahl and the defendant. Vanderburgh was the person who presided over the game in Mitchell's club house at Saratoga, rolled the ball, sold the chips which were lost, and took the check therefor.

Upon this state of facts there was nothing to go to the jury, and the learned judge should have directed a verdict for the defendant. At the close of the case the defendant's counsel asked the court to charge the jury as follows :

" That the uncontradicted evidence of the case is that the consideration for the giving of the check was illegal, to wit, a gambling debt, and, therefore, their verdict must be for defendant."

This motion was denied and the defendant excepted. This was error. As the defendant was entitled to an absolute direction, he was certainly entitled to this instruction. The check was a thing in action, executed and given by the defendant in consideration of money won from him at a game of chance, and it was, therefore, " utterly void " under the statute. (1 R. S. 663, § 18.) There was no real dispute about the facts. Whatever question there might have been as to the right to go to the jury upon the defendant's testimony, had it stood alone, there was none when his testimony was supplemented by that of an unimpeached and uncontradicted witness. The positive testimony of an unimpeached and uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously. (*Lomer* v. *Meeker*, 25 N. Y. 363 ; *Kelly* v. *Burroughs*, 102 id. 95.) In the present case both the court and jury were, as was said in *Lomer* v. *Meeker* (*supra*, p. 363), " bound to believe for judicial purposes such testimony," and it was, therefore, the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of clear, uncontradicted and undisputed evidence.

The motion for a new trial was, therefore, properly granted. It was granted unconditionally This also was proper as the defendant was entitled to a new trial, not as a matter of discretion, but as a matter of right.

The order appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with costs.