(13 Misc. Rep. 165.)

### HEDIN v. LONG ISLAND R. CO.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
>   A verdict on conflicting evidence will not be disturbed.

Appeal from trial term.

Action by Oscar Hedin against the Long Island Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

W. C. Beecher, for appellant.

J. Edward Swanstrom, for respondent.

BOOKSTAVER, J.   This action was brought to recover for personal injuries sustained by respondent as he was alighting from a car on appellant's railroad at Woodside, L. I.   The case turns upon whether the respondent undertook to jump from the train while in motion, or whether the train was suddenly started while he was in the act of alighting.   The sole ground of appeal in this case is that the verdict of the jury was against the weight of evidence.   Where such a motion is made, it is the duty of the general term to review the evidence, and determine whether plaintiff has established the negligence of the defendant, and that he was free from contributory negligence, by a fair preponderance of evidence.   Curtis v. Manufacturing Co. (Sup.) 16 N. Y. Supp. 48; Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596; Cunningham v. Gans, 79 Hun, 434, 29 N. Y. Supp. 979; Kummer v. Railroad Co., 2 Misc. Rep. 298, 21 N. Y. Supp. 941.   Accordingly, we have read the testimony with great care, and while, from the number of apparently disinterested witnesses called on behalf of the defendant, who all unite in testifying that the train was in motion when the plaintiff undertook to alight, we would be led to the belief that the plaintiff was guilty of negligence, yet it was pre-eminently a question for the jury to determine, inasmuch as the plaintiff and his witnesses, two in number, testify that the train was at a standstill when he undertook to alight, but was suddenly started with sufficient force to throw him down.   There is no inherent improbability in either version of the transaction.   The testimony on both sides, as it appears in print, is equally credible.   The jury had the advantage of seeing the witnesses, and of observing the manner in which they gave their evidence, and were fully instructed as to the weight which ought to be attached to the evidence given.   They do not seem to have been influenced by passion, prejudice, or bias.   Under such circumstances we feel constrained to affirm the judgment, rather than to grant a new trial upon our view of the weight of evidence.   The judgment should therefore be affirmed, with costs.   All concur.