### COONROD v. KELLY et al.

#### (Circuit Court, D. New Jersey. January 29, 1902.)

1. MORTGAGES—PRIORITY OF RECORD—FAILURE TO RECORD—EFFECT.

Under Rev. St. N. J. p. 2106, § 22, providing that a mortgage shall be void against a subsequent bona fide mortgagee for a valuable consideration without notice, a party asserting priority for a mortgage recorded after the recording of a subsequent mortgage must prove that the subsequent mortgagee did not pay a valuable consideration, or that at the time of taking the mortgage he had notice of the prior mortgage.

2. SAME—SUBSEQUENT MORTGAGE—NOTICE — CONSIDERATION—EVIDENCE—SUFFICIENCY.

In an action demanding that a mortgage be a prior lien to a mortgage subsequently executed, but recorded before the former mortgage, the mortgagor testified that he did not inform the subsequent mortgagee of the existence of the prior mortgage. The mortgagee testified that he had not heard of such prior mortgage, and that he paid the consideration for the mortgage. He admitted knowledge of another mortgage.

This was all the evidence on notice and payment of the consideration. *Held* that, if this evidence be disregarded on the ground of its improbability, though express testimony cannot be rejected solely on that ground, the presumption of want of notice of the prior unrecorded mortgage or of the payment of the consideration is not overcome, and the subsequent mortgage, having priority of record, constitutes a prior lien.

**3. SAME—PAYMENT OF FORMER MORTGAGE—SUBROGATION.**

A mortgagee in a mortgage prior in date and subsequent in record to a mortgage subsequent in date and prior in record, who pays a former mortgage of record at the time of the recording of the subsequent mortgage, cannot be subrogated to the rights of the paid mortgagee, as against an assignee of the subsequent mortgage, the latter relying on the record, and believing the mortgage to be a first lien.[1]

**4. SAME—PRIORITY OF RECORD—ORDER OF PRIORITY.**

An assignee of a mortgage subsequent in date and prior of record to a mortgage prior in date and subsequent of record, who finds on the record the mortgage prior in date and subsequent in record, does not have actual notice of such prior mortgage, so as to put him on inquiry, the record alone showing the order of priority of the two mortgages.

James E. Howell, for complainant.
Fred Prout, for defendant Kelly.
Joseph Cross, for defendant Dime Savings Inst.

KIRKPATRICK, District Judge. The complainant in this case files his bill for the foreclosure of his certain mortgage for $10,000 upon lands in the county of Somerset, in the state of New Jersey, bearing date May 1, 1899, executed by George Booth, and Ella, his wife, on the same day, delivered to complainant on the 3d day of May, 1899, and lodged for record in the clerk's office of Somerset county on the 6th of May, 1899. The bill also prays that the complainant's mortgage may be declared to be a prior lien on the property therein described to another certain mortgage given by said Booth to one Howlett, and now held by assignment by the Dime Savings Institution, of Plainfield, N. J., and which, while bearing date the 3d day of May, 1899, was lodged for record in the clerk's office of Somerset county on the 3d day of May, 1899, three days prior to the date of record of complainant's mortgage. The following facts are not disputed, and they clearly appear from the record: That the complainant agreed to loan to defendant Booth the sum of $10,000, to be secured by mortgage on the property described in the bill, and that such mortgage was drawn on May 1, 1899, executed by Booth and his wife on May 1, 1899, and the money paid on the morning of May 3, 1899, $2,498 in cash, $2,400 by receipt of admitted indebtedness of Booth to complainant, and $5,102, the amount due upon an existing mortgage on the premises, held by the Mutual Life Insurance Company of New York; that the complainant's mortgage was forwarded by mail to the clerk of Somerset county, where the lands were located, to be lodged for record; and that, because the instrument was not properly stamped as required by the United States revenue laws, it was returned to complainant's attorney, who, after affixing the requisite stamps, returned it again to the clerk, so

---

[1] Subrogation to rights of mortgagee, see note to Rachal v. Smith, 42 C. C. A. 304.

that it was recorded on the 6th of May, 1899. Upon the same day upon which Booth delivered the mortgage to complainant, viz., May 3, 1899, and about two hours later, he and his wife executed and delivered another mortgage upon the same premises to one Frederick J. Howlett to secure the sum of $8,000. This mortgage Howlett, on the same day, lodged with the clerk of Somerset county for record, and it was so recorded May 3, 1899. Afterwards the complainant, through his attorneys, paid the mortgage upon said premises given by one Day, a former owner of the premises, held by the Mutual Life Insurance Company of New York, from the money left in his hands for that purpose, and the same was, on the 8th day of May, 1899, canceled of record. The record then stood (i. e., on May 8, 1899) in this way: May 3, 1899, mortgage, Booth and wife to Howlett; May 6, 1899, mortgage, Booth and wife to Coonrod; May 8, 1899, mortgage, Day to Mutual Life Insurance Company, canceled. On the 12th of June, 1899, Frederick J. Howlett, the mortgagee above named, made an application to the Dime Savings Bank, of Plainfield, N. J., for the sale to them of his said mortgage, and represented the same to be a first lien on the said property; and the said institution afterwards purchased the said mortgage, and paid therefor the full amount of principal and interest due thereon, taking the precaution, however, to have made a search of the records of the county to ascertain the title, and finding it to be as above set out. The General Statutes of the state of New Jersey (Rev. St. p. 2106, § 22) provide:

"That every deed of mortgage, or conveyance in nature of a mortgage, of or for any lands, tenements or hereditaments, which shall have been made and executed after the first day of January, in the year of our Lord one thousand eight hundred and twenty-one, or shall hereafter be made and executed, shall be void and of no effect against a subsequent judgment creditor, or bona fide purchaser, or mortgagee for a valuable consideration, not having notice thereof, unless such mortgage shall be acknowledged or proved according to law, and recorded or lodged for that purpose with the clerk of the court of common pleas of the county in which such lands, tenements or hereditaments are situated, at or before the time of entering such judgment, or of recording or lodging with the clerk as aforesaid, the said mortgage or conveyance to such subsequent purchaser or mortgagee: provided, nevertheless, that such mortgage, as between the parties and their heirs be valid and operative."

So that upon the face of the record in the office of the county clerk the mortgage given to Howlett was a prior lien on the property to that of the mortgage of Coonrod, though the latter was first in date and delivery. To give Coonrod priority for the lien of his mortgage, it was necessary for him to show that Howlett was not a mortgagee for valuable consideration, or that at the time he took said mortgage he had notice of complainant's mortgage. These matters are not presumed. The burden of proof is upon the party alleging them. Semon v. Terhune, 40 N. J. Eq. 364, 2 Atl. 18. The complainant charges them in his bill, but the proofs do not sustain him. The only witnesses examined on part of complainant touching these matters were Booth, the mortgagor, and Howlett, the mortgagee. Booth swears that he did not say anything to Howlett of having mortgaged the property to complainant; that he had pre-

viously told Howlett of the mortgage to the Mutual Life Insurance Company; and that on the day the Howlett mortgage was executed he exhibited to him a search, which had been prepared by Mr. Badgley, showing the title up to that date, and upon which the Mutual Life Insurance Company's mortgage appeared, but not that of the complainant. Howlett testified that he had never heard of complainant's mortgage; that he examined the search given him by Booth; and that he personally took his mortgage to the clerk's office, so that he might continue the search to the time his mortgage was lodged there for record. Howlett also swore that he paid the $8,000 consideration money, and that he paid it partly ($7,000) in gold coin and partly ($300) in bills, and partly ($700) receipted bill for services rendered. Booth testified to the same effect as to the payment of the consideration, and gave a detailed statement of how he disposed of the gold coin, which he said he had received as part consideration. Both of these witnesses were called by the complainant, and their testimony is all that is presented to the court on the question of notice and consideration. Counsel for the complainant urges the improbability of this story told by these witnesses, but they are uncontradicted, and, if their testimony were disregarded as unworthy of belief, there is nothing in the case which would overcome the presumption of want of notice of existence of complainant's mortgage or of the payment of the consideration. Express testimony cannot be rejected on the sole ground of its improbability. Berckmans v. Berckmans, 16 N. J. Eq. 122; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109. The Howlett mortgage, so far as the evidence shows, was a valid mortgage, given for a valuable consideration, and accepted without notice of complainant's mortgage, and therefore, having priority of record, a prior lien to the mortgage of the complainant. The complainant insists that, inasmuch as Howlett took his mortgage with a knowledge of the existence of the mortgage given by Day to the Mutual Life Insurance Company of New York, and that mortgage was paid with his money, he is entitled to be subrogated to the rights of the Mutual Life Insurance Company. The answer is that Howlett has parted with his mortgage, and that the present holder, relying upon the record made by the complainant, has taken title to the same, believing it to be a first lien on the property. The mortgage of the Mutual Life Insurance Company has been canceled of record by the complainant, and the Dime Savings Institution was, because of such cancellation, induced to accept the Howlett mortgage as a first lien on the property. It should not be injured by the act of complainant. The act of cancellation of the Mutual Life Insurance Company's mortgage was voluntary on the part of the complainant, made without any examination of the record, and he should not now be permitted to revive it to the injury of one who was misled by his acts. Keely v. Cassidy, 93 Pa. 318; Appeal of Gring, 89 Pa. 336.

It is contended that because the Dime Savings Institution, in searching the title, found upon the record a mortgage subsequent in record and prior in date to that of which they took the assignment, such finding was actual notice of its existence, and that they were

put upon an inquiry. But this point is not well taken. The record shows the order of priority, and there was, as I have said, no presumption that the Howlett mortgage came within the excepted class which made it a subsequent lien. The complainant is entitled to a sale of the premises subject to the lien of the mortgage owned by the defendant, the Dime Savings Institution, and without subrogation to the rights of the Mutual Life Insurance Company.

Let a decree be drawn accordingly.