ELLEN TRUDDEN, as Administratrix, etc., of GEORGE HAYES, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*The New York Municipal Court may direct a verdict — when the credibility of uncontradicted and unimpeached testimony should not be submitted to the jury.*

The Municipal Court of the city of New York has the same power to direct a verdict as a court of record.

In an action to recover upon a policy of life insurance, in which the defendant interposes the defense that the plaintiff's intestate had falsely stated in the application for the policy that he had never had disease of the kidneys and had not been attended by a physician for two years previous to such application, the question of the credibility of the testimony of a physician to the effect that during the year previous to the application he attended the intestate for two and a half months for an acute disease of the kidneys, when such testimony is uncontradicted and unimpeached, should not be submitted to the jury, and the facts stated therein should be treated as established.

APPEAL by the defendant, the Metropolitan Life Insurance Company, from a judgment of the Municipal Court of the city of New York, borough of Queens, in favor of the plaintiff, entered on the 19th day of June, 1901, upon the verdict of a jury.

*Paul Grout* and *Edward M. Grout,* for the appellant.

*Lucius N. Manley,* for the respondent.

GOODRICH, P. J.:

On a former appeal (50 App. Div. 473), Mr. Justice HATCH writing, we reversed a judgment for the plaintiff on the ground that there had been a clear breach of warranty of the representations made to procure the insurance, in that George Hayes, the plaintiff's intestate, stated in his application for the insurance that he never had disease of the kidneys and had not been attended by a physician for two years previously to such application, when the evidence showed that within a year he had been treated by a physician for acute kidney disease which lasted two and a half months. The same facts appeared more conspicuously on the last trial.

As we said on the first appeal, the burden of establishing breach of warranty rests upon the defendant. On the first trial the

defendant relied upon the statements in the proofs of death. At the last trial, Dr. Barry, the physician who actually attended the insured in the acute attack of kidney disease, testified to the fact, and there was no contradiction. In the application for insurance signed by Hayes, appears the following:

" 4. The following is the name of the physician who last attended me, the date of the attendance and the name of the complaint for which he attended me: (answer) None.

" 5. I have not been under the care of any physician within two years, unless as stated in the previous line, except." No answer.

Dr. Farrell, who examined the insured on behalf of the defendant when the latter applied for the insurance, testified that he read to Hayes in rotation all the questions in the application; that he asked him the name of the physician who last attended him, the date and the name of the complaint for which he attended, and that Hayes said, no one.

Dr. Barry testified that during the year previous to the application for insurance he attended Hayes for two and a half months for an acute disease of the kidneys. This evidence was uncontradicted and unimpeached, and it was error for the court to submit any question thereon to the jury.

The defendant's counsel made the following requests: " By Mr. Grout: I ask Your Honor to charge that the proofs of death are evidence of the facts therein stated in behalf of the company. By the Court: Now, I will leave all of those matters to the jury to consider. By Mr. Grout: I except to Your Honor's charge. By the Court: I will so charge, if you exact that. By Mr. Grout: I ask Your Honor to charge that the proofs of death were competent evidence to establish the breach of warranty. By the Court: I so charge. By Mr. Grout: I ask Your Honor to charge that there is no evidence to show that the proofs of death are not true. By the Court: Oh, I so charge; no doubt he is dead. By Mr. Grout: I ask Your Honor to charge that the proofs of death are true as to all the statements therein contained. By the Court: I leave it to the jury. By Mr. Grout: I except to Your Honor's refusal to so charge. I ask Your Honor to charge that, it not appearing that the proofs of death are untrue, that it must be taken as a fact, established, that the deceased was attended by a physician for acute

kidney disease within two years prior to the date of the application. By the Court: I have mentioned that in my charge; if you believe it to be true. By Mr. Grout: I ask Your Honor to charge it as stated. By the Court: Repeat that. By Mr. Grout: That, it not appearing that the statements in the proof of death are untrue, that it must be taken as a fact, established, that the deceased was attended by a physician for acute kidney disease within two years prior to the date of the application. By the Court: I so charge. By Mr. Grout: I ask Your Honor to charge that the testimony of Dr. Barry is uncontradicted. By the Court: Well, I leave that to the jury. By Mr. Grout: I except to Your Honor's refusal to so charge. I ask Your Honor to charge that if the jury find that the testimony of Dr. Barry is uncontradicted, that it must be taken as true. By the Court: Oh, certainly, if it is uncontradicted. By Mr. Grout: I ask Your Honor to charge that on all questions of law the jury is bound to follow Your Honor's directions. By the Court: I so charge. By Mr. Manley: I ask Your Honor to charge that the jury are the judges of the facts. By the Court: Oh, yes, gentlemen, you are judges of the facts, the testimony that you have heard, all of it. By Mr. Grout: I ask Your Honor to charge that there is no question of fact for the jury to consider and that their verdict must be for the defendant. By the Court: I refuse to charge in that way. By Mr. Grout: I except. How will Your Honor charge that? By the Court: I will leave that to the jury. By Mr. Grout: I except."

A preferable method of presenting the question of law to the court below would have been a motion for the direction of a verdict. The Municipal Court of the city of New York, like the old District Courts of the city of New York, has the same power to direct a verdict as a court of record. (*Douglass* v. *Seiferd,* 18 Misc. Rep. 188; *Decker* v. *Sexton,* 19 id. 59.)

After the jury rendered a verdict for the plaintiff, the defendant moved for a new trial and to set aside the verdict on the ground that the verdict was against the law and the evidence, and excepted to the refusal to grant it. These exceptions are sufficient to enable us to pass upon the correctness of the judgment.

In *Denton* v. *Carroll* (4 App. Div. 532, 534, 535) the court declared: " It has been often held that the credibility of the uncon-

tradicted testimony of a party is a question for the jury.  So is the credibility of every witness, interested or disinterested, but a jury is not at liberty to disregard the evidence of any witness who is in nowise impeached, and whose testimony is such that its truth is highly probable.  (*Elwood* v. *The Western Union Tel. Co.*, 45 N. Y. 549; *Cunningham* v. *Gans*, 79 Hun, 434.)  \* \* \*  The true rule is declared in *Kelly* v. *Burroughs* (102 N. Y. 95), where it is held : ' The mere fact that the plaintiff, who testified to important particulars, was interested, was unimportant, in view of the fact that there was no conflict in the evidence, or any thing or circumstance from which an inference against the fact testified to by him could be drawn.' "

In *Cunningham* v. *Gans* (79 Hun, 434, 435) the court said : " The positive testimony of an unimpeached and uncontradicted witness cannot be disregarded by court or jury, arbitrarily or capriciously.  \* \* \*  It was, therefore, the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of clear, uncontradicted and undisputed evidence."

In *Linkhauf* v. *Lombard* (137 N. Y. 417, 426) the court said : " The rule should be regarded as settled, under all the authorities, as well by the decisions of the courts of this state as by those of England, that where there is no evidence upon an issue before the jury, or the weight of the evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to nonsuit, or to direct the verdict, as the case may require."

These authorities require a reversal of the judgment and the ordering of a new trial.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.