(83 App. Div. 327.)

## LITTLEFIELD v. LAWRENCE.

(Supreme Court, Appellate Division, First Department.  May 8, 1903.)

**1. DAMAGES—LOSS OF HORSE—VERDICT AGAINST WEIGHT OF EVIDENCE.**
Plaintiff lost his horse through the negligence of defendant, who hired it with knowledge that it was a "green one," unaccustomed to city sights and sounds, and had never been driven or worked single. Defendant nevertheless attached the horse to a truck, lightly loaded, and, on its refusing to go, hitched it up with another horse, when it performed the work required of it.  The only evidence offered to contradict plaintiff's testimony that the horse was worth $175 was that of defendant, who stated, when asked its value: "I do not see how he could be worth anything if he refused to work;" and the testimony of defendant's witness, who said: "I would not give anything for him; he would not work."  But, when asked if he would consider the horse worthless if he worked well in a team, witness replied: "Not as a team horse; I would not."  *Held*, that a verdict for $25 was clearly against the weight of the evidence.

**2. WITNESSES—CREDIBILITY—QUESTION FOR JURY—DISREGARDING UNIMPEACHED TESTIMONY.**
While the credibility of every witness is usually for the jury, they are not at liberty to disregard the testimony of any witness, even though he be a party, who is in no wise impeached, and whose testimony is such that its truth is highly probable.

Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County

Action by Lemuel Littlefield against John H. Lawrence.  From a judgment for plaintiff granting insufficient relief, and from an order denying a new trial, plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William E. Gowdey, for appellant.

George A. Steves, for respondent.

McLAUGHLIN, J.  The complaint alleges that the defendant on the 9th of November, 1899, hired from the plaintiff, for a specific purpose, a horse, which he so negligently managed and cared for that one of his legs was broken and he had to be killed; that the value of the horse was $175, for which judgment was demanded.

The defendant admitted the hiring, but denied the other material allegations of the complaint, and alleged as a separate defense that the horse was "balky"; that as soon as the defendant discovered that fact he proceeded to return him to the plaintiff; while in the act of doing so, the horse, without any negligence on the part of the defendant, took fright, fell down, and broke his leg.  The plaintiff had a verdict for $25, which he moved to set aside, upon the ground, among others, that insufficient damages had been awarded, which was denied, and he has appealed.

We deem it unnecessary to here consider any question other than the one raised by the motion to set aside the verdict, further than to say there was sufficient evidence to justify the finding of the jury that the injury to the horse was caused by defendant's negligence.  Upon the question of damages, we are unable to find any basis which would

have justified the jury in rendering the verdict which they did. The plaintiff testified, after qualifying himself to testify as to the value of horses—and his evidence was uncontradicted—that the fair market value of the horse in question was $175, and in answer to a question put by the court he stated that only a short time before the horse was injured he paid $125 for him in the state of Wisconsin, and had incurred the additional expense of transportation from that state to the city of New York. It was undisputed that the horse was what is termed a "green one," that is, a horse unaccustomed to city sights and sounds, had never been driven or worked single; and defendant, through his agent, was so informed when the horse was hired. Notwithstanding this information, the defendant attached the horse to a truck, and after a small load had been placed thereon the horse refused to go—whether through viciousness, or because he did not know what was wanted of him, the record does not disclose. He was then taken from the truck and put in with another horse, and, so far as appears, performed the work required of him until he was injured by reason of careless management.

The only evidence offered on the part of the defendant to contradict the value of the horse as testified to by the plaintiff was his own testimony, in which he stated, when asked as to the value: "I do not see how he could be worth anything if he refused to work;" and the testimony of his witness Wagner, who said: "I would not give anything for him; he would not work." But on cross-examination, when asked if the horse would work well in a team, if he would then say he was worthless, he answered: "Not as a team horse. I would not. No." This is all the evidence that was offered as to the value of the horse, and it is apparent from it that a verdict for $25 cannot be permitted to stand. The fact that the horse refused to go when attached to the truck is no evidence whatever that it was worthless, inasmuch as it appeared that he had never been broken to work in that way, nor was it any evidence that the horse was vicious, especially in view of the testimony of the plaintiff's witness Sheldrick, who testified that he had driven the horse with another one, and that he always appeared docile and of a good disposition.

This being the condition of the evidence at the close of the trial, we are of the opinion that the learned presiding justice should have granted the plaintiff's motion to set aside the verdict as clearly against the weight of evidence. The plaintiff lost his horse by reason of the negligence of the defendant. The jury so found, and, this being so, it necessarily followed that the plaintiff was entitled to recover all of the damages which he had sustained; such damages, of course, to be measured by the value of the horse. The only evidence of value upon which the jury could predicate a finding on that subject, taking all of it into consideration, was the amount stated by the plaintiff, viz., $175.

It is true that the credibility of the uncontradicted testimony of a party to an action is usually a question for the jury. So is the credibility of every witness, whether interested or not, but a jury is not at liberty to disregard the testimony of any witness, even though he be a party, who is in nowise impeached, and whose testimony is such that its truth is highly probable. Denton v. Carroll, 4 App. Div. 532, 40

N. Y. Supp. 19; Elwood v. Western Union Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; Cunningham v. Gans, 79 Hun, 434, 29 N. Y. Supp. 979; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109. And whenever it does so, then the verdict rendered is not such as the law recognizes, and will not receive the sanction of the court when brought under review. It would be a discredit to the administration of justice, and tend to bring it into disrepute, if any other rule were permitted to prevail. McDonald v. Walter, 40 N. Y. 551; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502.

Judgment and order appealed from reversed, and new trial ordered, with costs to the appellant to abide the event of the action.

All concur, except VAN BRUNT, P. J., who dissents.