WILLIAM SPRING, Respondent, v. CHARLES S. MILLINGTON, Appellant.

(County Court, Herkimer County, August, 1904.)

Credibility of witnesses — When the jury may not disregard uncontradicted testimony.

Although, upon a jury trial, the credibility of a witness presents a question for the jury, yet when the defendant and one of his witnesses, who are in no way discredited, testify to a fact within their own knowledge, which is not of itself improbable, or in conflict with other evidence, the fact is to be taken as legally established and cannot be disregarded by the court or jury.

Misc.] County Court, Herkimer County, August, 1904.

APPEAL from a judgment rendered in Justice's Court, October 10, 1903, in favor of plaintiff and against defendant for the sum of twenty dollars damages and seven dollars and thirty-five cents costs.

Charles Bell, for appellant.

George M. Wirt, for respondent.

DEVENDORF, J. This action was brought to recover a balance of five dollars on a three hundred dollar contract and for extra work and material to the amount of thirty dollars and fifty-five cents. The answer contained a general denial, plea of payment and alleges damages for breach of contract by way of set-off and counterclaim.

The contract mentioned was in writing and plaintiff agreed thereby to move a barn for the defendant from one farm to another and to place the same upon a stone-wall, masonry foundation at the westerly end of a barn on the premises; the floors to be on the same level. There were other provisions in said contract and it was provided further that the work was to be performed in a good, substantial, workmanlike manner.

The plaintiff upon the trial of the case established a cause of action against the defendant, and if the case rested upon plaintiff's proof as to the cause of action alleged in his complaint, the judgment could be safely affirmed; but the defendant introduced proof showing that the plaintiff failed to perform the contract. Among other things the uncontradicted evidence of the defendant and his witness shows that the plaintiff failed to do the work in a workmanlike manner. He did not put the barn moved up against the other barn, neither was it made water tight where joined. One of the posts that held the purlin plate lacked several inches of touching the foundation. The floors were not level. The flooring was not properly laid. The wall was not substantial or workmanlike in its construction. The siding was improperly put on.

Hence it appears by the evidence introduced on the part of the defendant that plaintiff failed to perform his contract

in substantial particulars and damages to a substantial amount resulted to the defendant.

The plaintiff utterly failed to contradict the defendant's evidence in that regard. I do not think the justice had a right to absolutely overlook such proof as was submitted by the defendant upon that branch of the case, as the same was neither contradicted nor disputed by plaintiff. The plaintiff appears to have been present in court and sworn in his own behalf and yet failed to say otherwise than as had been shown by defendant, that he had failed in the particulars above mentioned to perform his contract and that the damages alleged by the defendant consequently resulted.

The rule is well settled that where unimpeached witnesses testify distinctly and positively to a fact and are not contradicted the jury are not at liberty to disregard their testimony. Elwood v. Western Union Tel. Co., 45 N. Y. 549; Kavanagh v. Wilson, 70 id. 177.

When a disinterested witness, who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable or in conflict with other evidence, the witness is to be believed and the fact is to be taken as legally established, so that it cannot be disregarded by the court or jury. Lomer v. Meeker, 25 N. Y. 361; Howe & Hummel v. Schweinberg, 4 Misc. Rep. 73.

The credibility of a witness is a question for the jury, but a jury is not at liberty to disregard the evidence of any witness, which is in nowise impeached *and whose testimony is such that its truth is highly probable.* Denton v. Carroll, 4 App. Div. 532.

It may well be said that the truth of the evidence of the defendant and his witness, Metzler, in this case is highly probable; they testify in what respects the plaintiff failed to perform his contract, also their opinion as to the amount of the damages; the plaintiff is sworn in his own behalf and does not say but that he left the barn in the same condition as described by the defendant and Metzler.

It further appears from the defendant's evidence that he had a conversation with the plaintiff in which plaintiff stated that he would go up then (in the spring) and make it right.

As above stated the testimony of the defendant and Metzler was not contradicted or sought to be; they were not impeached, and there is no circumstance in the record which tends to impeach their credibility, and under such circumstances the justice was not at liberty to disbelieve them, but should have given their evidence weight and rendered judgment accordingly. Van Nostrand v. Hubbard, 35 App. Div. 201.

After a careful examination of the case, I am satisfied that a reversal is the proper and legal judgment to be rendered herein, and the judgment is reversed accordingly.

Judgment reversed.