(49 Misc. Rep. 127)

### BREEN et al. v. ISAACS.

(Supreme Court, Appellate Term. December 21, 1905.)

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION.

    Where defendant bought uncompleted houses, the plumbing in which plaintiffs had contracted with her vendors to do, and which they had partly done, her promise that, if they would hurry up the work so that the buildings could be rented, she would pay them, not only for the work of completion, but for what they had done for her vendors, is an original promise on a new and sufficient consideration, and so not within the statute of frauds.

    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 18, 19, 21.]

Appeal from City Court of New York, Trial Term.

Action by Thomas F. Breen and another against Gertrude Isaacs. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

N. J. O'Connell, for appellants.

Ralph Nathan, for respondent.

SCOTT, P. J. On this appeal from a judgment upon a nonsuit, we must take the view of the testimony most favorable to the plaintiffs. So taking it, it appears that plaintiffs entered into a contract with two persons, named Rosenfield and Isaacs, to do the plumbing work on three houses in process of construction; that plaintiffs commenced work and partially completed it by some time late in August or early in September, 1902; that, owing to some difficulty about being paid, they had then either stopped work or were carrying it on with an insufficient force; that early in September, 1902, defendant became the owner of the property, and, after she had acquired it, urged plaintiffs to put on more men and hurry up the job; that plaintiffs asked who was to pay them, and that defendant said in effect that, if they would put on more men and hasten the job to completion, she would pay them all that was then due them under the contract and whatever might thereafter become due. There was evidence that other work was delayed by reason of the delay in finishing the plumbing work, and that there were tenants waiting to come into the houses as soon as they should be finished. The complaint was dismissed upon the ground that defendant's promise was an oral one to pay the debt of another, and therefore void under the statute of frauds.

It is not every oral promise to assume and pay the debt of another that is void under the statute. Where the primary debt subsists and was antecedently contracted, the promise to pay becomes an original

one, and thus without the statute, when it is founded upon a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor. White v. Rintoul, 108 N. Y. 222–227, 15 N. E. 318. Does the evidence show such a consideration moving to Mrs. Isaacs? She had become the purchaser of certain unfinished buildings. It was clearly to her advantage that they should be finished as promptly as possible, in order that they might become rentable. To be so finished it was necessary that the plumbing should be completed. The plaintiffs had contracted to do the plumbing, but not with her; and, if they had stopped work as soon as she had acquired the property, she would have been without remedy against them. It was clearly to her interest that they should proceed to complete their contract. Under these circumstances she asked them to finish their work, which, so far as she was concerned, they were not bound to do, and they consented and did complete it. Here certainly was a new and independent consideration, moving to the defendant and beneficial to her, and was sufficient to sustain, as an original promise, her agreement to pay the plaintiffs. The promise, if made as testified to by plaintiffs' witnesses, was not void under the statute of frauds, and the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.