DANIEL F. MADDEN, Appellant, v. THE NEW YORK CITY RAILWAY COMPANY, Respondent.

(Supreme Court, Appellate Term, May, 1906.)

Taking case from jury and non-suit — Weight and sufficiency of evidence — Uncontroverted evidence.

Where the plaintiff testifies to facts that constitute a cause of action in his favor, though his testimony is the only evidence in support of his cause of action, if it is not improbable or suspicious and there is nothing in the case to impeach his veracity, the court may not arbitrarily reject his testimony and render judgment against him; and, if it does, the judgment should be reversed.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered in the Municipal Court of the city of New York, eleventh district, borough of Manhattan.

Harcourt Bull, for appellant.

William E. Weaver, for respondent.

*Per Curiam.* The plaintiff sued to recover a penalty of fifty dollars under section 104 of the Railroad Law, alleging the refusal of the defendant to give him a transfer to enable him to continue his journey over an intersecting line controlled by the defendant. The plaintiff testified in his own behalf and put in evidence certain admissions of the defendant and then rested. The defendant offered no evidence, but moved for a dismissal of the complaint, which was denied. The defendant then rested and renewed his motion to dismiss. This motion was also denied. According to plaintiff's testimony he resides at 602 East Seventeenth street. On November 28, 1905, desiring to go to Broadway and Third street, he boarded an Avenue C car at Avenue B and Seventeenth street. He paid his fare and received a transfer to a Christopher street car going west. He got upon the latter car and asked for a transfer to a Broadway car. This was refused by the conductor, and when he got to Broadway he boarded a Broadway car, paid his fare and went to his destination. Plaintiff is a postal clerk, employed in Branch C, at the corner of Fifth avenue and Seventeenth street, and has resided at his present address eight years. On the day in question he was going to Newman's shirt store at West Third street and Broadway to make some purchases. Plaintiff says that he made a memorandum of the episode purposely to make a case against the railroad and, that he had made a case once before. On this state of facts judgment was rendered for the defendant and against the plaintiff for ten dollars costs. The learned trial justice evidently rejected the testimony of the plaintiff as unworthy of belief. If his statements were true, he made a case entitling him to judgment. The question to be determined here is whether the court was justified in that course. The mere fact that the plaintiff seeks to recover solely upon his own statement will not justify the rejection of his testimony. In addition to the facts of his interest and of his testimony being the sole support of his claim, it must also appear that his testimony is inherently improbable or suspicious. There must be something in the case to impeach his veracity in some way. Where the plain-

tiff's story is natural and not improbable it is error to reject it arbitrarily. Hull v. Littauer, 162 N. Y. 569; Littlefield v. Lawrence, 83 App. Div. 327, 329. The story told by the plaintiff is direct and natural; it bears no signs of being improbable. It is quite true that the learned trial justice had opportunity to observe the plaintiff's demeanor on the stand, but it seems to us that, considering the character of plaintiff's testimony, the rejection of it as untrue cannot be justified solely on the ground of the unfavorable impression made by the plaintiff's demeanor.

Under the circumstances we think that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Present: GILDERSLEEVE, DAVIS and CLINCH, JJ.

Judgment reversed and new trial granted, with costs to appellant to abide event.