(114 App. Div. 799)

## BLOCK v. GALITZKA.

(Supreme Court, Appellate Division, Second Deparment. July 24, 1906.)

FRAUDS, STATUTE OF—ORIGINAL UNDERTAKING.

    Testimony of plaintiff, a subcontractor under one who had contracted to build for defendant, that just after commencing the work he told defendant that he did not feel safe in regard to his payments, and did not care to go on with the work without an understanding that defendant would guaranty his payment, and defendant replied, "All right; if that is the case, I will see that you are paid"; that thereafter, during the progress of the work, plaintiff spoke to defendant several times with reference to payment for his work, and defendant said, "Don't fear; I will take care of you," and "I will see that you get it," establishes a valid and enforceable contract.

    Gaynor, J., dissenting.

Appeal from Municipal Court of New York.

Action by Jacob M. Block against Herman Galitzka. From a judgment dismissing the complaint on the merits, after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Alvin C. Cass, for appellant.
William J. McArthur, for respondent.

RICH, J. No opinion was written by the trial justice, and the record does not disclose the ground of his decision. The defendant entered into a contract with one or more contractors for the erection of one or more buildings, among whom was one Assip, who sublet certain of the steelwork to one Hoff, the plaintiff's assignor. While the work was in progress—about July 1, 1903—before, as Hoff says, "hardly any" of the work had been done or materials furnished, Hoff had a conversation with defendant, at the building upon which he was working, in which he told the defendant that he did not feel safe in regard to his payments, and did not care to go on with the work without an understanding that he (defendant) would guaranty his payment, to which the defendant replied, "All right, Mr. Hoff; if that is the case, I will see that you are paid." Between that time and the completion of the work, on September 17th, Hoff spoke to the defendant several times with reference to payment for his work, and was told, "Don't fear, Mr. Hoff; I will take care of you," and that "he will see that I get it." This agreement and conversation, testified to by Hoff, were not denied or in any manner controverted by the defendant, who was sworn as a witness in his own behalf upon the trial. The plaintiff completed his work on the faith of this agreement. He had no communication with Assip, did no work for him, and furnished him no materials after the conversation with defendant about July 1st. There was a balance due and unpaid Hoff upon his contract of $271.05, which he subsequently assigned to the plaintiff, who brought this action to recover the same as on an original undertaking. This evidence, wholly uncontradicted, from a witness in no wise impeached, the trial court was not at liberty to disregard (Littlefield v. Lawrence,

83 App. Div. 327, 82 N. Y. Supp. 25), and it established a valid and enforceable contract. Mannetti v. Doege, 48 App. Div. 567, 62 N. Y. Supp. 918, and authorities therein cited; Breen v. Isaacs (Sup.) 96 N. Y. Supp. 741.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

HIRSCHBERG, P. J., and HOOKER and MILLER, JJ., concur.

GAYNOR, J. (dissenting). The justice gave the right judgment, it seems to me, viz., for defendant. Assip contracted with the defendant, the owner, to do work and furnish material in erecting a building. Hoff was a subcontractor in writing to Assip, and claimed of the defendant $271.05, the unpaid balance of his contract price with Assip. It not being paid, he assigned his claim to the plaintiff, who brought this action upon it.

The facts are these: Hoff (plaintiff's assignor) entered upon his contract with Assip, and Assip paid him $400 for work and material on the contract—all that was then due. Hoff then says he wanted to feel safe that he would be paid thereafter, and saw the defendant. He tells what the defendant said to him—that he would see that he got his money—that he would not pay it to Assip, but hold it back—that he would take care of it. He did no more than owners do every day, viz., promise to take care of subcontractors by holding their money from the contractor until he pays it. It will not do to pick out one sentence—all must be taken. And the defendant kept his word. He held back the money from Assip, and with the latter's consent paid Hoff $500, leaving the balance sued for. That is not paid because a lien has been filed against Assip for more than that sum and more than is due Assip. When the plaintiff, after his contract was finished, talked to the defendant of filing a lien, the defendant did no more than renew his former promise to hold back the money.

It seems to me the justice would have wronged the defendant by giving judgment against him.