GILTMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS—EVIDENCE.

Evidence, in an action by a passenger to recover for injuries resulting from a collision, considered, and *held* not to impeach the credibility of plaintiff, and that a verdict against her was against the weight of evidence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

2. EVIDENCE (§ 589*)—WEIGHT AND SUFFICIENCY—TESTIMONY OF PARTY.

Where the credibility of plaintiff is not impeached, the jury are not at liberty to disbelieve her simply because she is a party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

3. APPEAL AND ERROR (§ 1003*)—REVIEW—VERDICTS—WEIGHT OF EVIDENCE.

Where a verdict is against the weight of evidence, a judgment founded thereon will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Trial Term, Kings County.

Action by Clara Giltman against the Brooklyn Heights Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

David Tim, for appellant.

D. A. Marsh, for respondent.

RICH, J. At the commencement of the trial, counsel for the defendant voluntarily admitted "that through the carelessness of its servant or servants the collision as alleged in the complaint did occur, and that the plaintiff was free from any negligence contributing to the injury," leaving the only questions to be litigated, whether the plaintiff was a passenger upon one of the colliding cars, and, if so, whether she was injured, and to what extent.

The plaintiff testified that she was on her way home from a picnic, and at the time of the accident was sitting on the right side of the car, near the corner, in front, and that after the collision she was helped home by a stranger, one Walzer. She is corroborated to some extent by Walzer, who is an apparently disinterested witness, and who at the time of the accident was a total stranger to her. He testifies that he was riding upon one of defendant's cars, going in the same direction, behind the car on which plaintiff testifies she was riding. The collision occurred at the Maspeth Depot, from which depot the car on which Walzer was riding was only half a block away when the accident occurred. The car on which he was riding stopped, and he got off and walked to the place of collision, where he saw the plaintiff sitting on the curb; she had no hat on, was bleeding from her head and arm, and holding a handkerchief to her face. He inquired where she lived, and on being informed assisted her to her home. A

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

physician was called, who reached the house at 11 o'clock—about an hour and a half after the accident. He testifies that his examination of plaintiff disclosed contusions and bruises on the left side of the back of her head, swellings and abrasions about the shoulder, arm, side of the body, hips, and side of the leg, and that she was suffering from severe shock; was partly unconscious and pale; some of her teeth were out, mouth was swollen and bleeding. He treated her for nine months, visiting her the first month about every day, and, at intervals, several times during the night; the second month every second or third day, and thereafter about once a week. She was confined to her bed for about two months. Her husband was away from the city at the time of the accident, returning two days thereafter, at which time he testifies she was in bed, where she remained for seven weeks, unable to do any work. No evidence was given by the defendant, with the exception that one of its employés was called and testified to an unsuccessful attempt to secure by consent a physical examination of plaintiff some two years after the accident. The jury found for the defendant, whereupon the plaintiff moved to set aside the verdict and for a new trial, which was denied and exception taken.

The defendant contends that the jury was justified in rejecting the plaintiff's testimony. It is urged that her story of the accident and how she received her injury, with the attendant circumstances, is incredible and unworthy of belief. That the plaintiff was seriously injured, and at the very time and place of the collision, is not controverted. Her statement that no employé of the company or ambulance officer came to her, or offered her any aid, does not militate against her. It appears that others were injured, and it is not at all improbable that the attention of the defendant's employés and the ambulance officers was being given to others during the short interval intervening between the time when the accident occurred and when plaintiff started for her home. Her name was given to a policeman who asked for it. Section 873 of the Code of Civil Procedure afforded the means of securing a physical examination of plaintiff if desired, without reference to the wishes or consent of her attorney. The mere fact that the plaintiff, whose testimony was corroborated in all material respects by disinterested witnesses, except as to the single fact that she was on the car at the time of the collision, was interested in the event of the action, was unimportant in view of the fact that there was no conflict in the evidence, or any circumstance from which an inference against her being on the car and receiving her injuries while such passenger could be drawn. Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109. She was not impeached, and there is nothing in the record to impeach her credibility. Under such circumstances the jury were not at liberty to disbelieve her simply because she was a party and interested in the event of the action. Denton v. Carroll, 4 App. Div. 532, 40 N. Y. Supp. 19; Van Nostrand v. Hubbard, 35 App. Div. 201, 54 N. Y. Supp. 739; Spring v. Millington, 44 Misc. Rep. 624, 90 N. Y. Supp. 152; Trudden v. Metropolitan Life Ins. Co., 69 App. Div. 392, 74 N. Y. Supp. 1083; Cunningham v. Gans, 79 Hun, 434, 29 N. Y. Supp. 979. "And whenever it does so, then the verdict rendered is not such as the law recognizes, and will not receive the sanction of

the court when brought under review. It would be a discredit to the administration of justice and tend to bring it into disrepute if any other rule were permitted to prevail." Littlefield v. Lawrence, 83 App. Div. 327, 82 N. Y. Supp. 25, citing McDonald v. Walter, 40 N. Y. 551; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502.

The verdict was against the weight of evidence, and it follows that the judgment and order must be reversed.

Judgment and order reversed, and a new trial granted; costs to abide the event. All concur.

---

### GILTMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

