(85 Misc. Rep. 406)

## COHEN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. INSURANCE (§ 151*)—LIFE INSURANCE—CONTRACTS—FRAUD.

　　Under Insurance Law (Consol. Laws, c. 28) § 58, requiring every policy to contain the entire contract, the unattached application is not a part of the contract, and breaches of warranties in the application cannot be relied on, in the absence of proof of fraud.

　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 308–311; Dec. Dig. § 151.*]

2. INSURANCE (§ 292*)—LIFE INSURANCE—BREACH OF WARRANTY.

　　A breach of warranty in a life policy that insured had not, before the issuance of the policy, been attended by a physician for any serious disease, and had not had any pulmonary complaint, is a defense to an action on the policy.

　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 691, 692; Dec. Dig. § 292.*]

3. EVIDENCE (§ 215*)—LIFE INSURANCE—PROOF OF DEATH—ADMISSIONS.

　　In an action on a life policy stipulating that proofs of death shall be evidence of the facts therein stated in behalf of insurer, a physician's certificate in the proofs of death is competent evidence for the defense as an admission by plaintiff.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jessie Cohen against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Edw. M. & Paul Grout, of New York City (F. Sidney Williams, of New York City, of counsel), for appellant.

Greenthal & Greenthal, of New York City (Wm. Greenthal, of New York City, of counsel), for respondent.

GUY, J. This action was brought upon a policy of life insurance upon the life of plaintiff's husband, which was issued June 24, 1912. It provided, among other things:

"This policy contains the entire agreement between the company and the insured and the holder and owner thereof."

The defense was a breach of two warranties in the separate application for insurance, one of which warranties, viz., that prior to the issue of the policy the assured had not been attended by a physician for any serious disease or complaint, and had not had any pulmonary disease, is also contained in the policy itself. Both breaches were admitted in the proof of claim.

[1] Since 1909, every insurance policy has been required to contain the entire contract of assurance, and nothing shall be incorporated therein by reference to any application or other unattached or

unindorsed paper. Insurance Law, § 58; Becker v. Colonial Life Insurance Co., 153 App. Div. 383, 385–387, 138 N. Y. Supp. 491. In the absence of sufficient proof of fraud, this would dispose of the defenses based upon breach of warranty in the application for the policy.

[2, 3] A more serious question is raised as to the breach of the warranty in the policy itself. The policy provided, among other things:

"Proofs of death under this policy shall be made upon blanks to be furnished by the company, and shall contain answers to each question propounded to the claimant, physicians, and other persons, and shall contain the record, evidence, and verdict of the coroner's inquest, if any be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company."

The proof of claim, signed by plaintiff's mark was admitted. In a vague and utterly inconclusive way, while not denying her mark, she disputed its accuracy. But the attending physician's certificate in the proofs of claim, which it is clearly proved plaintiff acknowledged and identified after she had filed or caused it to be filed with defendant, was excluded, and defendant excepted.

A breach of the warranty in the policy that the insured had not before its issue been attended by a physician for any serious disease or complaint, and had not had any pulmonary complaint, is a defense. Trudden v. Metropolitan Life Ins. Co., 69 App. Div. 392, 74 N. Y. Supp. 1083; Id., 50 App. Div. 473, 64 N. Y. Supp. 183; Kasprzyk v. Metropolitan Life Ins. Co., 79 Misc. Rep. 263, 264, 270, 271, 140 N. Y. Supp. 211; Aaronson v. New York Life Ins. Co., 81 Misc. Rep. 228, 142 N. Y. Supp. 568.

Under the stipulation of the policy, that the proofs of death filed by the beneficiary, including physicians' statements, shall be evidence in behalf of the company, the doctor's certificate therein was competent evidence for the defense as plaintiff's admission of material facts (Kipp v. Metropolitan Life Ins. Co., 41 App. Div. 298, 300, 58 N. Y. Supp. 494; Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526, 530, 44 N. E. 1099; Spencer v. C. M. L. Ins. Co., 142 N. Y. 505, 509, 37 N. E. 617; Insurance Co. v. Newton, 22 Wall. 32, 35, 36, 22 L. Ed. 793), and the exclusion thereof was reversible error.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.